**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 9 2001**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant and Cross-Appellee,

v.

DONALD DALE DUNCAN, JR.,

    Defendant-Appellee and Cross-Appellant.

Nos. 00-2013 &
00-2014

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-96-550-MV)**

---

J. Miles Hanisee (Norman C. Bay, United States Attorney with him on the briefs), Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellant and Cross-Appellee.

Douglas E. Couleur, Santa Fe, New Mexico, for Defendant-Appellee and Cross-Appellant.

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Section 3553(e) of Title 18 of the United States Code and § 5K1.1 of the

United States Sentencing Guidelines ("Guidelines") empower district courts,

upon a *government motion*, to impose a sentence below the statutory mandatory minimum and Guidelines minimum sentences, respectively, to reflect a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e); United States Sentencing Guidelines ("U.S.S.G."), § 5K1.1, p.s. (Nov. 1998). [1] In this case, the government refused to file a substantial assistance motion. However, on *defendant Donald Dale Duncan's motion*,[2] to which the government objected, the district court departed downward from the statutory mandatory minimum sentences applicable to the drug and firearm counts to which Mr. Duncan pled guilty. The grounds for its decision were § 5K1.1 and the egregious-case exception identified in *United States v. Kuntz*, 908 F.2d 655, 657 (10th Cir. 1990), *overruled in part on other grounds by Melendez v. United States*, 518 U.S. 120, 123-26 (1996). Further, the district court held it was without authority to grant a substantial assistance departure under U.S.S.G. § 5K2.0. *See* U.S.S.G. § 5K2.0, p.s. (Nov. 1998).

---

[1] Mr. Duncan was sentenced on November 5, 1999, which means the 1998 edition of the Guidelines Manual is applicable to this case. *See* U.S.S.G. § 1B1.11(a) (2000) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

[2] Mr. Duncan brought a "Motion for Downward Departure/Request for Evidentiary Hearing" pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. §§ 5K1.1, 5K2.0.

On appeal, the government raises the issue whether the district court was without authority to grant a substantial assistance departure in the absence of a government motion. [3] Specifically, it claims the Supreme Court's decision in *Wade v. United States*, 504 U.S. 181 (1992) eliminated the egregious case exception or otherwise limited the circumstances under which a district court may review a prosecutor's refusal to file a substantial assistance motion and grant the defendant a remedy. Anticipating our potential agreement with the government's argument on appeal, Mr. Duncan cross-appeals the district court's conclusion it was without authority to grant a substantial assistance departure under § 5K2.0.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), (b)(1). We reverse and remand for re-sentencing on the government's appeal, and affirm on Mr. Duncan's appeal.

---

[3] In light of our resolution of this question, we need not address the government's alternative issue on appeal: whether the district court abused its discretion in granting the substantial assistance departure under the egregious case exception.

I.  Background

Mr. Duncan's substantial assistance motion focused on his cooperation with state authorities in an unrelated state murder case, and explicitly invoked the egregious case exception.  The district court granted Mr. Duncan's request for an evidentiary hearing, at which three defense witnesses testified:  (1) Warren Harris, a New Mexico prosecutor; (2) Joanna Aguilar, a former New Mexico prosecutor; and (3) Mr. Duncan.  The government did not present any witnesses or other evidence at the hearing, but continued its opposition to the motion.  The following chronology of events is taken from the undisputed testimony of the defense witnesses and the record.

In 1993, Lisa Duncan, Mr. Duncan's ex-wife, was murdered in New Mexico.  The investigating authorities eliminated Mr. Duncan as a suspect after he passed a polygraph test.  Mr. Duncan then began actively assisting the investigation, which eventually led to the prosecution of Rudy Gonzales, Sr., a former deputy sheriff in Sandoval County, New Mexico, and his son, Rudy Gonzales, Jr., for the murder.

In 1996, Mr. Duncan was charged in this case by indictment with:  one count of possession with intent to distribute at least five grams of cocaine and

aiding and abetting, 21 U.S.C. § 841(a)(1), (b)(1)(b) and 18 U.S.C. § 2; one count of possession with intent to distribute at least 100 grams of methamphetamine and aiding and abetting, 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and two counts of carrying and use of a firearm during and in relation to a drug trafficking crime and aiding and abetting, 21 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.  Pursuant to a 1998 plea agreement, Mr. Duncan pled guilty to the methamphetamine and one firearm count in return for the government's dismissal of the remaining two counts and its agreement not to bring future charges against Mr. Duncan regarding activity currently known to federal law enforcement officials.  The plea agreement did not contain a cooperation agreement between Mr. Duncan and the government, nor any commitment by the government to file a substantial assistance motion if it determined Mr. Duncan had provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

During the period between his federal arrest and guilty plea, Mr. Duncan continued to assist state prosecutors by participating in interviews and testifying in the Rudy Gonzales, Jr. murder trial, which resulted in a first degree murder conviction.  Around the time he entered the plea agreement in this case, Mr. Duncan testified in the Rudy Gonzales, Sr. murder trial, which ended in a hung

-5-

jury. In 1999, Mr. Duncan testified for the prosecution in a second trial against Rudy Gonzales, Sr., which again ended in a hung jury.

According to Mr. Harris and Ms. Aguilar, Mr. Duncan was the only prosecution witness who could explain the relationships of the parties in the murder cases and provide the motive for Messrs. Gonzales to kill Lisa Duncan. Both Mr. Harris and Ms. Aguilar testified Mr. Duncan was very cooperative and they found him to be truthful. Mr. Harris stated "this was a very difficult case, and without [Mr. Duncan's] help I know we probably wouldn't have convicted Sr. and we wouldn't have gotten as far as we did against Jr." [4] On the basis of his twenty-nine years as a prosecutor, Mr. Harris characterized Mr. Duncan's cooperation and the usefulness of his testimony as being "in the top 10 percent" of all cooperating witnesses. Finally, Mr. Harris noted his testimony on behalf of Mr. Duncan was only the second time in his career he had spoken on behalf of a defendant at sentencing.

During oral argument on the motion, defense counsel argued the district

---

[4] It appears Mr. Harris reversed the suffixes here, because he and Ms. Aguilar clearly testified the conviction was obtained against Mr. Gonzales, Jr., while the prosecution of Mr. Gonzales, Sr. ended in two hung juries.

court could grant Mr. Duncan a substantial assistance departure under either the egregious case exception identified in *Kuntz* or under § 5K2.0. In opposition, the government presented four arguments: (1) the district court was without authority to grant Mr. Duncan a substantial assistance departure absent a government motion; (2) the government has the authority to file a § 3553(e) and/or § 5K1.1 motion when a defendant has substantially assisted, but no duty to do so; (3) the government's conduct in refusing to file a substantial assistance motion in this case was not egregious, because the plea agreement substantially reduced Mr. Duncan's exposure to further statutory mandatory minimum sentences; and (4) § 5K2.0 was inapplicable because it does not provide the district court with authority to depart below statutory mandatory minimum sentences.

The district court stated "the issue here is whether the defendant's assistance to state authorities ... is egregious enough ... as to cry out for meaningful relief" under the egregious case exception, and held it was. The court concluded Mr. Duncan's assistance to state authorities was "extraordinary," and "that the evidence and information that he provided was of substantial assistance to [Mr. Harris and Ms. Aguilar] in their best estimation." The government objected and asked the district court to clarify whether it was holding

the government's refusal to file a substantial assistance motion was egregious conduct. The district court reiterated that its holding focused on the nature and extent of Mr. Duncan's assistance to state authorities, and was not an evaluation of the government's decision not to file a substantial assistance motion:

> *It's not – I'm not viewing it – it's not egregious conduct.* It's an egregious case in which – egregiousness as I review the Tenth Circuit case law, it is a case in which the defendant's level of cooperation is so great that, without a filing of a motion for substantial assistance, it cries out for relief. I mean, that's the language of the cases. It's not labeling the government's conduct as egregious. It is one of the three factors in which the courts can look at whether a substantial assistance motion should have been filed. It's just one of the three factors, and it's called the egregious case factor. It's not the egregious government conduct.
>
> ....
>
> ... I have seen no other case in which egregious is referring to the government's conduct. *We don't even look at the government's conduct because this isn't an unconstitutional motive case.* We are only looking at the government's conduct here because the language of the cases in the Tenth Circuit say that you can look at an egregious case, an egregious case being a case in which a defendant cooperates so much and a motion for substantial assistance is not provided ....
>
> By no means is this a situation in which the government's motives are being impugned in any way. The case law I think is clear, as I read it, that *I'm supposed to look at what did this defendant do.* I mean, how helpful was it, how much effort was involved in it, and is this – in looking at it, is this a case that cries out for meaningful relief. That's all.

(Emphasis added.) Indeed, the only finding the district court made as to the government's conduct was the government had not "offered any kind of evidence

-8-

indicating that they in fact considered defendant's assistance in making their plea *offer*." (Emphasis added.)

Accordingly, based on § 5K1.1 and the egregious case exception identified in *Kuntz*, the district court departed thirty-six months below the statutory mandatory minimum sentences applicable to the methamphetamine and firearm counts. In addition, the district court concluded it did not have authority under § 5K2.0 to grant a substantial assistance departure, because the concept of substantial assistance was taken into consideration by the Guidelines under § 5K1.1.

## II. Standard of Review

We review the district court's decision to depart downward for an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 91, 96-100 (1996) (interpreting 18 U.S.C. § 3742(e)). This means the district court's factual findings are reviewed for clear error, *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1183 (10th Cir. 2000), while its legal conclusions underlying the decision are reviewed de novo, *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998). "A district court by definition abuses its discretion when it makes an error of law." *Koon*, 518 U.S. at 100.

III.  Discussion

A.  Authority of a District Court to Review a Prosecutor's Refusal to File a Substantial Assistance Motion

As a general rule, a district court's authority to consider a defendant's substantial assistance claim at sentencing is conditioned upon a prior motion of the government.  18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1;  *see Wade*, 504 U.S. at 184-85; *Kuntz*, 908 F.2d at 657.  The government's refusal to file a motion under § 3553(e) or § 5K1.1 is a jurisdictional bar to the imposition of a sentence below the statutory mandatory minimum or Guidelines sentences, respectively.  *See United States v. Long*, 936 F.2d 482, 483 (10th Cir.), *cert. denied*, 502 U.S. 1015 (1991); *United States v. Sorensen*, 915 F.2d 599, 601-03 (10th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991).  [5]  In this case, we are asked to decide the limits of the exceptions to this general rule, which is a pure question of law, and our

_____

[5]  We note the district court should have based its sentence reduction holding on § 3553(e) as opposed to § 5K1.1, because the departure was below the statutory mandatory minimum sentence.  18 U.S.C. § 3553(e); *see Melendez*, 518 U.S. at 123-26 (holding a government motion under § 5K1.1 provides a district court authority to depart below a Guidelines sentence but not a statutory mandatory minimum sentence).  However, this does not affect the government's primary issue on appeal or our resolution of this case, because *Wade* addresses the circumstances under which a district court may review the government's refusal to file a substantial assistance motion in the context of both § 3553(e) and § 5K1.1.  *See Wade*, 504 U.S. at 184 ("[T]his case implicates both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.").  Accordingly, our use of the phrase "substantial assistance motion" refers to those brought under either § 3553(e) or § 5K1.1.

review is de novo. *See United States v. Doe*, 934 F.2d 353, 356 (D.C. Cir.), *cert. denied*, 502 U.S. 896 (1991). [6]

The issue in this case is whether the egregious case exception identified in *Kuntz* is still good law. The government claims the exception was eliminated by *Wade*, while Mr. Duncan claims "*Wade* is broader than the Government acknowledges" and does not preclude the existence and application of the exception. Mr. Duncan points to this court's repeated citation to the exception in cases after *Wade* as evidence of its survival. [7] We agree with the government.

---

[6] One well-established exception not at issue in this case allows a district court to review the government's discretionary refusal to file a substantial assistance motion if the defendant claims the refusal violates an agreement with the government. *See, e.g.*, *United States v. Cerrato-Reyes*, 176 F.3d 1253, 1264 (10th Cir. 1999). Accordingly, this opinion does not address or impact any of the standards applicable to this exception. *See id.*; *see also Wade*, 504 U.S. at 185 (stating the defendant did not claim the government had agreed to file a substantial assistance motion); *United States v. Massey*, 997 F.2d 823, 824 (10th Cir. 1993) (holding *Wade* does not foreclose the defendant's allegation the government breached the plea agreement by failing to file a § 5K1.1 motion, and identifying the applicable standard of review and governing law).

[7] The government states this court has never found an egregious case, Mr. Duncan does not identify one, and our independent research reveals no such case. This appears to confirm our stated expectation in *Kuntz* that such cases would be "rare." *Kuntz*, 908 F.2d at 657. It also means this is the first time we are squarely confronted with the issue whether this exception survived *Wade*.

In *Kuntz*, we held due process does not require judicial review of a prosecutor's decision not to file a substantial assistance motion, but identified the egregious case exception to the motion requirement:

> We do not preclude the possibility that "[p]erhaps in an egregious case – a case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief – the court would be justified in taking some corrective action."

*Kuntz*, 908 F.2d at 657 (quoting *United States v. La Guardia*, 902 F.2d 1010, 1017 (1st Cir. 1990)). As Mr. Duncan correctly notes, we have repeated this rule in numerous opinions issued after *Wade*. *See, e.g.*, *Maldonado-Acosta*, 210 F.3d at 1183-84 ("A district court can review the government's discretionary refusal to file a substantial assistance motion ... in an egregious case where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief."). Nonetheless, we must abide by a superseding contrary decision of the Supreme Court, *see In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993), *cert. denied*, 513 U.S. 807 (1994), so we turn to an evaluation of *Wade*.

In *Wade*, issued roughly two years after *Kuntz*, the Supreme Court faced the question whether and to what extent district courts may review the government's refusal to file a substantial assistance motion. *Wade*, 504 U.S. at

-12-

183. The Court concluded "a prosecutor's discretion when exercising that power [to file a § 3553(e) and/or § 5K1.1 motion] is subject to constitutional limitations that district courts can enforce." *Id.* at 185. In this regard, the Court directed district courts to focus on the government's actions – not the nature and extent of the defendant's assistance to law enforcement authorities – to determine whether relief should be granted for the defendant in light of the prosecution's refusal to file a substantial assistance motion. *Id.* at 183, 185-87.

First, the Court instructed the district courts to review *the prosecutor's decision* whether to file a substantial assistance motion utilizing the same constitutional standards to which all other decisions by the prosecution are subject. *Id.* at 185-86 (citing *Wayte v. United States*, 470 U.S. 598, 608-09 (1985)); *see Wayte*, 470 U.S. at 607 (reiterating the "broad discretion" the government retains as to whom to prosecute and what charge to file or bring before a grand jury). Accordingly, the Court held "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find the refusal [(1)] was based on an unconstitutional motive*,*" such as the defendant's race or religion, or (2) "was not rationally related to any legitimate Government end." *Wade*, 504 U.S. at 185-86.

Second, the Court reiterated three times the rule that substantial assistance, standing alone, does not entitle a defendant to a substantial assistance motion:

> [I]n both § 3553(e) and § 5K1.1 the condition limiting the court's authority [– the Government motion requirement –] gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted.
>
> ....
>
> It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.... [A] defendant has no right to discovery or an evidentiary hearing unless he makes a "substantial threshold showing."
>
> ....
>
> ... [A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one.

*Id.* at 185-87 (quoting petitioner's brief).

Mr. Duncan argues *Wade* goes no further than granting district courts the authority to review the prosecutor's refusal to file a substantial assistance motion for constitutional violations. We disagree. As noted above, the Court framed the boundary of its holding in *Wade* by emphasizing *three* times that a substantial assistance claim, standing alone, neither meets the unconstitutional motive or rational relationship tests nor entitles the defendant to an evidentiary hearing on the issue. *Wade*, 504 U.S. at 185-87. We believe this parameter is essential to the Court's holding, or, at the very least, constitutes a clear directive from the

-14-

Court how the law on this issue should be applied.[8] *See Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir.) ("[T]his court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements."), *cert. denied*, 517 U.S. 1211 (1996). Accordingly, we conclude *Wade* eliminated any exception to the government motion requirement that focuses on the level of the defendant's assistance to law enforcement authorities to establish his/her entitlement to sentencing relief. *See United States v. Courtois*, 131 F.3d 937, 938 (10th Cir. 1997) ("Even if a defendant undeniably renders substantial assistance, the government retains discretion to decide whether to request a §

---

[8] Indeed, the Court utilized this parameter to hold Mr. Wade was not entitled to a remand to allow him to develop a constitutional violation claim:

> [Mr. Wade's] claim as presented to the District Court failed to rise to the level warranting judicial enquiry. The District Court expressly invited Wade's lawyer to state for the record what evidence he would introduce to support his position if the court were to conduct a hearing on the issue. In response, his counsel merely explained the extent of Wade's assistance to the Government. This, of course, was not enough, for although a showing of assistance is a necessary condition for relief, it is not a sufficient one....
>
>   It is clear, then, that, on the present record, Wade is entitled to no relief ....

*Wade*, 504 U.S. at 187.

5K1.1 downward departure.") (citing *Wade*, 504 U.S. at 185). [9]

In light of the above discussion, we hold *Wade* eliminated the egregious case exception identified in *Kuntz*. *See In re Sealed Case No. 97-3112*, 181 F.3d at 132 n.5 ("Although [the First, Fifth, and Eighth Circuits] initially speculated in dicta that there might be an 'egregious' case or 'extraordinary' assistance exception to the motion requirement, those circuits now appear to have narrowed that exception to cases involving unconstitutional motives or irrational or bad

---

[9] *See also United States v. LeRose*, 219 F.3d 335, 342-43 (4th Cir. 2000) (holding "[e]xplanations of the extent of a defendant's assistance do not entitle a defendant to a hearing" about or relief from the government's refusal to file a substantial assistance motion) (citing *Wade*, 504 U.S. at 187); *United States v. Cruz-Guerrero*, 194 F.3d 1029, 1031 (9th Cir. 1999) ("We have routinely interpreted [§ 5K1.1] to mean that, in the absence of arbitrariness or unconstitutional motivation on the part of the government, a district court may not depart downward from the guidelines on the basis of defendant's substantial assistance to the government unless the government has moved for such a departure.") (citing *Wade*, 504 U.S. at 185-86 and *United States v. Burrows*, 36 F.3d 875, 884 (9th Cir. 1994)); *In re Sealed Case No. 97-3112*, 181 F.3d 128, 142 (D.C. Cir.) (en banc), *cert. denied*, 528 U.S. 989 (1999) ("We conclude that in the absence of a government motion, a district court lacks authority under the Guidelines to depart from the applicable sentencing range on the basis of a defendant's substantial assistance."); *United States v. Romsey*, 975 F.2d 556, 558 (8th Cir. 1992) ("'[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.'") (quoting *Wade*, 504 U.S. at 186); *United States v. Higgins*, 967 F.2d 841, 845 (3rd Cir. 1992) ("Even assuming that [the defendant's] assistance was unquestionably substantial, 'a showing of assistance is a necessary condition for relief, ... not a sufficient one.'") (quoting *Wade*, 504 U.S. at 187).

faith refusals to file by the government. We reach a similar result [in this opinion].") (citing cases); *Romsey*, 975 F.2d at 557 (holding *Wade* "narrowly defined" the scope of the "egregious case exception" to a determination by the district court as to whether the prosecutor's refusal to file a substantial assistance motion was based on an unconstitutional motive, or was not rationally related to any legitimate government end (quotation marks omitted)). [10] Thus, the correct statement of the law is as follows: a district court's authority to review the government's refusal to file a substantial assistance motion is limited to determining whether the decision was: (1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end. *See Courtois*, 131 F.3d at 938 (same) (citing *Wade*, 504 U.S. at 185-86). [11]

---

[10] To the extent this panel opinion can be interpreted to overrule prior decisions, it has been circulated among all judges of this court in regular active service. All judges have expressed agreement with the conclusion that *Wade* eliminated the egregious case exception identified in *Kuntz*.

[11] This holding brings our case law in line with the First, Second, Third, Fourth, Seventh, Ninth, and D.C. Circuits, all of which discuss, cite, and/or quote *Wade* for their statement of the law. *See United States v. Sandoval*, 204 F.3d 283, 286 (1st Cir. 2000) ("[W]hen a defendant has entered into a plea agreement that contains no express provision for consideration of a section 5K1.1 departure, the government's discretionary decision not to file a section 5K1.1 motion is, as in *Wade*, reviewable only for an unconstitutional motive or the lack of a rational relationship to any legitimate governmental objective."); *United States v. Brechner*, 99 F.3d 96, 99 (2d Cir. 1996) ("As the Supreme Court made clear in *Wade v. United States*, 504 U.S. 181, 185-86 ... (1992), even defendants who have no cooperation agreements are entitled to assurance that the government's motion is not withheld for some unconstitutional reason."); *United States v.*

-17-

*Abuhouran* , 161 F.3d 206, 211-12 (3d Cir. 1998) (holding "'federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,'" which occurs "when the government's decision is based on the defendant's race, religion or gender" or "when its 'refusal to move was not rationally related to any legitimate Government end'") (quoting *Wade* , 504 U.S. at 185-86 (citations omitted)), *cert. denied* , 526 U.S. 1077 (1999); *LeRose* , 219 F.3d at 342 ("[C]ourts may review a prosecutor's refusal to file a motion for substantial assistance and grant relief if the refusal is based on an unconstitutional motive such as race or religion, or is not rationally related to a permissible government objective."); *United States v. Egan* , 966 F.2d 328, 332 (7th Cir. 1992) (same), *cert. denied* , 506 U.S. 1069 (1993); *Cruz-Guerrero* , 194 F.3d at 1031 (same); *In re Sealed Case No. 97-3112* , 181 F.3d at 142 (same).

The Fifth, Sixth, and Eleventh Circuits also rely on *Wade* for their statement of the law, but appear to limit the district court's authority to review the government's refusal to file a substantial assistance motion only for an unconstitutional motive, such as the defendant's race or religion. *See United States v. Solis*, 169 F.3d 224, 226 (5th Cir.), *cert. denied*, 528 U.S. 843 (1999) ("[A] district court may review the Government's refusal to move for a downward departure if the refusal is based on an unconstitutional motive."); *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993) ("[In *Wade*,] the Supreme Court ruled that a district court has the authority to review the Government's failure to move for a downward departure only if the court finds that the refusal was based on an unconstitutional motive."), *cert. denied*, 513 U.S. 827 (1994); *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) ("In *Wade*, the Supreme Court limited the free exercise of [the government's power to file a substantial assistance motion] only to the extent that the government cannot exercise that power, or fail to exercise that power, for an unconstitutional motive.").

The Eighth Circuit originally utilized *Wade* to reach a position identical to our holding today. *See Romsey*, 975 F.2d at 557 (holding district courts may review a prosecutor's refusal to file a motion for substantial assistance and grant relief if the refusal is based on an unconstitutional motive such as race or religion, or is not rationally related to any legitimate government end). However, more recently, it appears to have translated the rationally related to a legitimate government end test into a "refusal was irrational" test, which prohibits the government from basing its decision whether to file a substantial assistance

In this case, the district court focused exclusively on the level of Mr. Duncan's assistance to the New Mexico authorities to establish his entitlement to sentencing relief. *See supra* Part I. This was an error of law constituting an abuse of discretion, and we reverse and remand for resentencing.

B. Rationally Related to a Legitimate Government End Exception

Mr. Duncan attempts to fit the egregious case exception within *Wade* by arguing the government's refusal to file a substantial assistance motion was not rationally related to any legitimate government end.[12] Specifically, he focuses on the district court's finding the government had not "offered any kind of evidence

motion "on factors other than the substantial assistance provided by the defendant." *United States v. Anzalone*, 148 F.3d 940, 941 (8th Cir.), *vacated & reh'g en banc granted*, 148 F.3d 940 (8th Cir.), *reinstated & reh'g en banc denied*, 161 F.3d 1125 (8th Cir. 1998) (quotation marks omitted). If this is an accurate reading of *Anzalone*, we agree with the Eleventh Circuit's conclusion that the Eighth Circuit's position is "not supported by *Wade*" and "we expressly disavow that approach." *Nealy*, 232 F.3d at 831.

Finally, to the extent the Fifth, Sixth, and Eighth Circuits require the exclusive application of the unconstitutional motive test when a defendant claims the refusal violates an agreement with the government, *see Solis*, 169 F.3d at 225-27; *Bagnoli*, 7 F.3d at 91-92; *Romsey*, 975 F.2d at 557-58, these cases are inconsistent with our case law. *See supra* note 6 and cases cited therein.

[12] Mr. Duncan does not claim the government's refusal was based on an unconstitutional motive.

-19-

indicating that they in fact considered defendant's assistance in making their plea *offer*." (Emphasis added.)We do not agree.

The testimony and evidence adduced at the hearing reflects the government was aware of Mr. Duncan's assistance to state authorities before the plea agreement was *entered* on February 13, 1998. [13] Therefore, the question is

---

[13] Mr. Duncan testified he and his first attorney, who Mr. Duncan claims was replaced in April 1998, discussed negotiating with the government for consideration of Mr. Duncan's assistance to state authorities. At the sentencing hearing, Mr. Duncan's current counsel offered, and the court admitted into evidence, a letter to Mr. Duncan from his first attorney dated January 28, 1998. This letter states: "I do advise you nothing I have heard will change the minimum sentences upon your conviction in any way, *nor will the federal authorities give you any breaks because of your state involvement....* At present the [Assistant United States Attorney] has agreed to a plea bargain of 15 years, or ½ the sentence you would get if convicted on all counts.... *The government will simply not compromise further.*" (Emphasis added.) Mr. Duncan testified this prompted him to call Ms. Aguilar and request she contact the government to discuss his assistance to her in the Mr. Gonzales, Jr. murder trial.

As a result of this conversation, Ms. Aguilar testified she spoke with an Assistant United States Attorney assigned to Mr. Duncan's case no later than February 11, 1998 about Mr. Duncan's assistance. She requested that the Assistant United States Attorney, whose name she did not recall, take Mr. Duncan's assistance into consideration regarding the federal charges pending against him.

In this case, Mr. Duncan entered the plea agreement with the government on February 13, 1998. Accordingly, the government was aware of Mr. Duncan's assistance to state authorities before the plea agreement was finalized as a result of plea negotiations with Mr. Duncan's first attorney and Ms. Aguilar's telephone call.

-20-

whether the government's refusal to amend its plea offer was rationally related to a legitimate government end.  We hold it was.

As the Supreme Court noted in *Wade*, the government's failure to include a cooperation provision in the plea agreement or file a substantial assistance motion "may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving."  *Wade*, 504 U.S. at 187.  In this case, the government's refusal to file the motion was rationally related to the following legitimate law enforcement ends:  (1) according finality to the result of plea negotiations and agreements which do not include a cooperation provision and significantly reduce the defendant's sentencing exposure to statutory mandatory minimums; and (2) reinforcing the principle within the criminal community that the government will reward with a substantial assistance motion only cooperation following the defendant's federal arrest and predicated on the cessation of all further criminal activity by the defendant.  Otherwise, as the government notes, if every defendant could receive sentencing relief for actions taken prior to criminal activity, statutory mandatory minimum sentences and the Guidelines would be significantly undermined.

C. U.S.S.G. § 5K2.0

We turn to the issue whether a district court has the authority to grant a substantial assistance departure under § 5K2.0. The district court concluded it did not have such authority, because the concept of substantial assistance was taken into consideration by the Guidelines under § 5K1.1. The plain language of § 5K2.0 reveals it applies only to Guidelines sentences and cannot be utilized to depart from statutory mandatory minimum sentences. *See* U.S.S.G. § 5K2.0 ("Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence *outside the range established by the applicable guidelines*, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'") (emphasis added); *see also United States v. Santiago*, 201 F.3d 185, 188 (3d Cir. 1999) ("[A] District Court lacks the authority to lower a mandatory minimum sentence via section 5K2.0 of the Guidelines." (citing cases)); *United States v. Mosley*, 965 F.2d 906, 916 (10th Cir. 1992) (affirming the district court's conclusion it lacked authority to depart below the statutory minimum sentence pursuant to § 5K2.0). In this case, the district court attempted to reduce Mr. Duncan's sentence below the statutory mandatory minimum, so § 5K2.0 is inapplicable. Accordingly, we affirm. *See United States v. Sandoval*, 19 F.3d

-22-

537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (quotation marks omitted)).

IV. Conclusion

We conclude with two final comments. First, we understand the district court's frustration with the government's last minute request during the second day of the sentencing hearing to brief in detail the egregious case exception, in light of the one-sentence response it provided in its opposition to Mr. Duncan's motion and the fact the motion had been pending for almost one year. Further, the government's failure to raise the issue to the district court whether the egregious case exception was eliminated by *Wade* prevented the district court from addressing it in the first instance and denied us the benefit of the district court's opinion on the issue. *See Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1228 (10th Cir. 1996) ("Allowing appellants to present issues not raised below would also undermine the need for finality in litigation and conservation of judicial resources.") (quotation marks omitted). As a general rule, we do not consider an issue not presented, considered, and decided by the district court. *See id.* However, we exercise our discretion to hear and resolve this issue, because it is purely a matter of law and its proper resolution is certain. *See Ross*

*v. United States Marshal*, 168 F.3d 1190, 1195 n.5 (10th Cir. 1999). Mr. Duncan's sentencing has been pending for almost two years, the case itself is over four years old, and it is time for it to end.

Second, we recognize the value of Mr. Duncan's assistance to the New Mexico authorities. Substantial as it may have been, however, it does not change the fact that Congress determined a defendant will have the opportunity to receive sentencing relief for such assistance when the *government* files a substantial assistance motion. In the absence of a claim there was a breach of a plea agreement, the Supreme Court has limited a court's authority to review the government's refusal to file such a motion for only constitutional violations evidenced by an unconstitutional motive or the lack of a rational relationship to a legitimate government end. In this case, the government did not commit a constitutional violation by refusing to file the motion for suspect reasons. Accordingly, the district court did not have the authority to impose a sentence below the statutory mandatory minimums applicable to the drug and firearm counts to which Mr. Duncan pled guilty.

We **REVERSE** and **REMAND** for resentencing on the government's appeal, and **AFFIRM** on Mr. Duncan's appeal.