**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAMEAN ORTAGO TILLIS,

    Petitioner-Appellant,

v.

RON WARD, Director,

    Respondent-Appellee.

No. 02-6389

(D.C. No. 02-CV-968-HE)
(W.D. Oklahoma)

---

**ORDER**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

---

Petitioner Damean Ortego Tillis, an Oklahoma state prisoner appearing pro se,

seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28

U.S.C. § 2254 habeas  petition.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291,

deny his request for a COA, and dismiss the appeal.

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 123 S. Ct. 1029, 1039

(2003).  A COA can issue only "if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

---

[*]This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S. Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have not been met.

Tillis was convicted by a jury of feloniously carrying a firearm, in violation of Okla. Stat. tit. 21, § 1283, after a previous conviction of a felony, and was sentenced to a term of twenty years. His conviction and sentence were affirmed on appeal and his request for post-conviction relief in state court was denied. The Oklahoma Court of Criminal Appeals affirmed the denial of relief. In his § 2254 habeas petition, Tillis asserted (1) the same prior felony conviction was used to prove an element of the firearm charge and to enhance his sentence, and (2) he received ineffective assistance of trial and appellate counsel. The district court adopted the magistrate judge's report and recommendation and dismissed the action. The district court stated that it agreed "with the magistrate judge that different convictions were used to prove the petitioner's guilt and to enhance his sentence. The petitioner was not, therefore, prejudiced by his attorneys' failure at sentencing and on appeal to make the 'same conviction' argument." ROA at 15.

On appeal, Tillis has abandoned the two issues he asserted in his federal habeas petition and now asserts the issue he raised in his petition for post-conviction relief in state court – the state district court's failure to provide him with a second preliminary

hearing after the prosecution filed its supplemental information prohibited the court from sentencing him based upon facts alleged in the supplemental information. Because this issue was not presented to the district court, it is not properly before us on appeal. See United States v. Duncan, 242 F.3d 940, 950 (10th Cir.), cert. denied, 534 U.S. 858 (2001).

We DENY the request for a COA and DISMISS the appeal. Tillis' motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

3