FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RONNIE ALLEN NICHOLS, SR.,

    Defendant-Appellant.

No. 07-5097

(D.C. No. CR-06-004-C)
(N. D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

In this direct criminal appeal, defendant Ronnie Nichols challenges only his

sentence.  Nichols pleaded guilty to two counts of being a felon in possession of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to concurrent twenty-four month sentences on each count. On appeal, Nichols argues that the district court should have compelled the government to move for an additional one-point reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(b). The government, in addition to responding to the merits of this argument, has moved to dismiss this appeal, arguing that Nichols waived his appellate rights in his plea agreement. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We deny the government's motion to dismiss and affirm Nichols' sentence.

I.

On January 12, 2006, Nichols was charged in a two-count indictment with possession of firearms and ammunition after a felony conviction. He was released on bond on January 17, 2006, on the conditions that he not commit any offense and that he refrain from using narcotics and other controlled substances while on release.

While the charges against him were pending, Nichols negotiated a plea agreement with the government. In the plea agreement, Nichols agreed, among other things, to waive his right to appeal his conviction and sentence. The government, in turn, "agree[d] to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor." Plea Agreement, Vol. I, Doc. 46-3, at

2

14. After entering into the plea agreement, Nichols waived his right to a trial and pleaded guilty to both counts. At the plea colloquy, the presiding magistrate judge accepted Nichols' guilty pleas and found Nichols guilty as charged on both counts. The magistrate judge deferred acceptance of the plea agreement until the district court had the opportunity to review the Presentence Report (PSR) prior to sentencing.

The PSR concluded that the base offense level of fourteen should be increased four levels under U.S.S.G. § 2K2.1(b)(1)(B) for possession of eight to twenty-four firearms, and that Nichols' clear acceptance of responsibility entitled him to a two-point reduction in offense level. The PSR further recommended that Nichols should be awarded an additional one-point reduction in offense level under U.S.S.G. § 3E1.1(b) because he "timely notified the Government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently." PSR, Vol. II, at 9. The total offense level recommended by the PSR was fifteen, which, when paired with Nichols' criminal history category of I, yielded an advisory sentencing range of eighteen to twenty-four months.

After the PSR was issued, the government filed a sentencing memorandum requesting that the district court withhold all credit for acceptance of responsibility. As grounds for this request, the government argued that on March 8, 2007, Nichols assaulted his son after consuming alcohol, and that one month

3

later, Nichols tested positive for methamphetamine use. The government further stated that it would not move for an additional one-point reduction for acceptance of responsibility under Section 3E1.1(b) based on its belief that Nichols was not eligible for such a reduction due to his ongoing criminal behavior and substance abuse while on release. Sentencing Memo., Vol. I, Doc. 73, at 7-8.

The district court held a sentencing hearing on May 23, 2007. At the hearing, the government argued that the court should grant no credit whatsoever for acceptance of responsibility, and presented testimony in support of the position taken in its Sentencing Memorandum. Nichols argued that he was entitled to the standard two-point reduction in offense level for acceptance of responsibility, and requested that the court order the government to move for an additional one-point reduction in accordance with Section 3E1.1(b).

The district court granted a two-point reduction in offense level for acceptance of responsibility, but declined to order the government to move for a further reduction. In so doing, the court stated:

> Well, I have studied the presentence report. I can understand the government's position in not requesting the third reduction. The Court thinks that, with the three point reduction, it takes it to offense level of 15. Without the third one, it takes it to point level of 16. And the Court believes that the facts justify the government's position in not filing for the third. . . . I'm going to deny the request to deny the two point.

Tr. of Sentencing & Revoc. Hr'g, Vol. III, at 25. Without the additional one-point reduction, the court calculated an offense level of sixteen, yielding an

4

advisory sentencing range of twenty-one to twenty-seven months.  The court sentenced Nichols to concurrent twenty-four month terms on each count, and ordered concurrent three-year terms of supervised release.

## II.

Before addressing the merits of Nichols' arguments on appeal, we must determine whether the waiver of Nichols' appellate rights in his plea agreement is enforceable.  See United States v. Hahn, 359 F.3d 1315, 1329 (10th Cir. 2004) ("If we conclude that the waiver agreement is enforceable, we will dismiss."). Nichols argues that the waiver is unenforceable because the district court never accepted the plea agreement.  Under Rule 11 of the Federal Rules of Criminal Procedure, the district court must accept a plea agreement before it becomes binding.  United States v. Novosel, 481 F.3d 1288, 1292 (10th Cir. 2007). Otherwise, it is "a mere executory agreement which . . . does not deprive an accused of liberty or any other constitutionally protected interest."  Id. (quoting Mabry v. Johnson, 467 U.S. 504, 507 (1984)).  We agree with Nichols that the district court did not accept the plea agreement.

After careful review of the record, we can find no evidence suggesting that the court accepted the plea agreement.  As noted, the magistrate judge who conducted the plea colloquy deferred acceptance of the agreement until the district court had the opportunity to review the PSR.  At the sentencing hearing, after reviewing the PSR, the district court made no mention of the plea agreement

5

whatsoever.[1]  Nor did the court refer to the plea agreement in its written statement of reasons for the sentence.  The absence of any mention of the plea agreement is particularly noteworthy given that the primary dispute at sentencing focused on Nichols' acceptance of responsibility, an issue specifically addressed in the agreement and which encompassed the bulk of the government's obligations under the agreement.  This suggests that the court disregarded the agreement in its sentencing and did not accept it.  Further support of our conclusion is the fact that the district court informed Nichols of his right to appeal, in direct contradiction to the appellate waiver in the proposed plea agreement, and did not adopt the specific terms of the proposed plea agreement in fashioning Nichols' sentence. See Tr. of Sentencing & Revoc. Hr'g, Vol. III, at 28-29.

Because the district court did not accept the plea agreement, we conclude that the waiver of appellate rights under the agreement is not enforceable.[2]  We thus proceed to consider the merits of Nichols' arguments.

---

[1] We note that the district court's acceptance or rejection of a plea agreement will often be more apparent because in some cases, the district court is required under Rule 11 to inform the defendant of the consequences of its acceptance or rejection of the agreement.  See Fed. R. Crim. P. 11(c)(4)-(5). However, this requirement only applies to agreements "of the type specified in Rule 11(c)(1)(A) or (C)."  Id.  The plea agreement here is not of this type, so the court had no specific duty under Rule 11.

[2] Because we conclude that the plea agreement is unenforceable, we need not consider Nichols' alternative argument that the waiver is unenforceable because the government breached its obligations under the plea agreement.

6

III.

We review the district court's interpretation of the Sentencing Guidelines *de novo*, and review its factual findings for clear error. United States v. Walters, 269 F.3d 1207, 1214 (10th Cir. 2001). The evidence and any inferences that may be drawn from it are construed in the light most favorable to the district court's determination. Id. We conclude that the district court did not err in declining to compel the government to move for an additional one-point reduction for acceptance of responsibility.

Under the United States Sentencing Guidelines, a defendant who clearly demonstrates acceptance of responsibility may receive a two-point reduction in offense level. U.S.S.G. § 3E1.1(a). An additional one-point reduction may be granted under U.S.S.G. § 3E1.1(b):

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently . . . .

As this language suggests, a defendant may, under ordinary circumstances, only receive the additional one-point reduction on motion of the government. United States v. Moreno-Trevino, 432 F.3d 1181, 1186-87 (10th Cir. 2005). The government has "considerable discretion" in determining whether to file such a

7

motion. Id. at 1186. There are, however, limits to the government's discretion. Id. "[A] court can review the government's refusal to file a Section 3E1.1(b) motion and grant a remedy if it finds the refusal was '(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end.'" Id. (quoting United States v. Duncan, 242 F.3d 940, 947 (10th Cir. 2001)).

We conclude that neither circumstance is present in this case. Nichols does not allege that the government's refusal to file a 3E1.1(b) motion was based on an unconstitutional motive. He argues instead that the government's refusal was not rationally related to a legitimate government end. In Nichols' view, once the district court determines that a defendant has clearly demonstrated acceptance of responsibility for his actions, the government's discretion is limited to determining whether "the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty." U.S.S.G. § 3E1.1(b). Nichols argues that the government's decision to not move for an additional one-point reduction was "based on an independent assessment that the Defendant did not meet the basic requirement for acceptance of responsibility," and that the government's conclusion on this issue, contrary to that of the district court, was not a "legitimate government end." Aplt. Br. at 9-10.

Nichols' argument is foreclosed by our decision in Moreno-Trevino, 432 F.3d at 1184-87. The defendant in that case also argued that "once a district court

finds a defendant's acceptance of responsibility under subsection (a) [of Section 3E1.1], the government's discretion to file a motion under subsection (b) is limited to a determination of whether his acceptance was timely." Id. at 1184. We rejected that argument, explaining that under Section 3E1.1(b), the government has "'a power, not a duty,' to file a motion when a defendant has timely notified prosecutors of an intention to plead guilty," and that the timeliness of the defendant's acceptance of responsibility is necessary, but not the sole condition which would automatically trigger the government's motion. Id. at 1186 (quoting Wade v. United States, 504 U.S. 181, 185 (1992)).

The government articulated a valid reason for its refusal to move for the additional one-point reduction in Nichols' offense level. It noted that while he was released on bond, Nichols assaulted his son after consuming alcohol and tested positive for methamphetamine use. See Sentencing Memo., Vol. I, Doc. 73, at 6-7. These actions were specifically prohibited by the conditions of his release, and we reaffirm the government's "legitimate interest in reinforcing the principle within the criminal community that prosecutors will file acceptance-of-responsibility motions only for defendants who fully cooperate and intend to abide by their plea agreements, supervised release conditions, and federal law relating to their offenses of conviction." Moreno-Trevino, 432 F.3d at 1187 (quotations and citations omitted); see also United States v. Duncan, 242 F.3d 940, 949 (10th Cir. 2001) (holding that government's legitimate interest in

9

"cessation of all further criminal activity by the defendant" justifies refusal to file a motion for reduction for substantial assistance under U.S.S.G. § 5K1.1). That this interest may be characterized as the government's "independent assessment" of Nichols' acceptance of responsibility does not undermine its legitimacy. See Moreno-Trevino, 432 F.3d at 1186-87 (holding that government was justified in refusing to file motion even where it argued that defendant's actions were "totally inconsistent with acceptance of responsibility"); United States v. Sloley, 464 F.3d 355, 360 (2d Cir. 2006) ("[U]nder [Section 3E1.1(b)] both the court and the government must be satisfied that the acceptance of responsibility is genuine."). We therefore conclude that the district court did not err in declining to compel the government to move for an additional one-point reduction for acceptance of responsibility under Section 3E1.1(b).

IV.

We DENY the government's motion to dismiss this appeal on the basis of an appellate waiver. We AFFIRM Nichols' sentence, concluding the district court did not err in denying Nichols' request to compel the government to move for an additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

Entered for the Court

Mary Beck Briscoe
Circuit Judge