**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NICOLE PULLER,

      Defendant-Appellant.

No. 07-1397
(D.C. No. 06-CR-244-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Defendant-Appellant Nicole Puller pled guilty to (1) violating 18 U.S.C. §§ 1343 and 2, Wire Fraud and Aiding and Abetting, and (2) violating 18 U.S.C. §§ 1957 and 2, Money Laundering and Aiding and Abetting. Puller now appeals, raising issues with respect to her sentence as well as the district court's denial of her motion to suppress. Puller's counsel filed a brief pursuant to Anders v.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

California, 386 U.S. 738 (1967), and moved for leave to withdraw; Puller submitted a supplemental brief on her own behalf. Having considered each, we grant counsel's motion to withdraw and dismiss this appeal.

## I. BACKGROUND

Most generally, Puller was one of seven people indicted for participating in a mortgage fraud scheme. As stipulated in Puller's plea agreement, the conduct that gave rise to her indictment occurred in the fall of 2004. It was at that time that Puller, having assumed the identity of Shanae Garner, purchased residential properties using a fake Colorado driver's license along with the social security number of the true Shanae Garner. The lenders that financed Puller's purchases were unaware of her true identity and were similarly unaware of the many false representations that Puller made on each of her loan applications.

Puller moved to suppress much of the evidence that the government had obtained against her. The district court denied her motion, and thereafter, Puller entered into an unconditional plea agreement with the government under which she agreed to plead guilty to two charges: (1) violating 18 U.S.C. §§ 1343 and 2, Wire Fraud and Aiding and Abetting, and (2) violating 18 U.S.C. §§ 1957 and 2, Money Laundering and Aiding and Abetting. For its part, the government agreed (1) not to pursue additional charges against Puller, (2) to move to dismiss the remaining charges against her, (3) to move for a one-point offense level reduction pursuant to U.S.S.G. § 3E1.1(b), and (4) to recommend a sentence "no higher than

the mid-range of the applicable sentencing guideline range." Under the explicit terms of the plea agreement, however, "[t]he Government intend[ed] to argue that [Puller] [was] not entitled to any reduction in sentence for cooperation."

Having accepted Puller's guilty plea, the district court determined that her total offense level was 17 and that her criminal history category was III. Puller's total offense level coupled with her criminal history category resulted in a guideline sentence range of 30 to 37 months' imprisonment. The district court sentenced her at the middle-end of that range: 34 months. In doing so, the court explicitly rejected Puller's argument that she should receive a lower sentence based on her cooperation with authorities. Puller now appeals.

## II. DISCUSSION

In Anders, the Supreme Court held that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If [we] conclude [ ] after such an examination that the appeal is frivolous, [we] may grant counsel's motion to withdraw and may dismiss the appeal." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).

Counsel's brief appears to identify two potential issues for appeal: (1) the government's refusal to file a substantial-assistance motion pursuant to U.S.S.G.

§ 5K1.1, and (2) the reasonableness of Puller's sentence. In addition to counsel's brief, Puller has filed a supplemental brief asserting that the government should have filed a § 5K1.1 motion on her behalf, and that the district court erred in denying her motion to suppress. Along with this brief, Puller has filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which purports to have been filed in "The United States District Court for the Tenth Circuit District of Colorado." Each of these matters will be considered in turn.

## A. U.S.S.G. § 5K1.1

Pursuant to U.S.S.G. § 5K1.1, a sentencing court may depart from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense...." In this case, the government did not file such a motion on Puller's behalf, and Puller's counsel asserts that there is no non-frivolous ground on which Puller may challenge this decision. Having undertaken a full examination of the record, as required by Anders, we agree.

"[T]his court can review the government's refusal to file a substantial-assistance motion only if that decision was based on an unconstitutional motive or was not rationally related to a legitimate government end." United States v. Dominguez Beltran, 184 Fed. App'x 799, 802 (10th Cir. 2006) (unpublished) (citing Wade v. United States, 504 U.S. 181, 185-86, (1992); United States v. Duncan, 242 F.3d 940, 946 (10th Cir. 2001)). Based on our review of the record,

- 4 -

we agree with Puller's counsel that neither exception is at issue here.  Indeed, as Puller's counsel points out, no claim was ever raised below under the "unconstitutional motive" exception.

In her supplemental brief, however, Puller somewhat ambiguously contends that the government violated the Equal Protection Clause when it filed § 5K1.1 motions with respect to two of her co-defendants, but declined to do so in her case.  This argument was not raised below, and "[w]hile we have reviewed sentencing errors that were not raised in the district court under a plain error standard, plain error review is not appropriate when the alleged error involves the resolution of factual disputes."  United States v. Easter, 981 F.2d 1554, 1555-56 (10th Cir. 1992) (citation omitted).  Puller's "suggestion regarding the government's motive for failing to bring a motion raises the factual issue of, not only the government's motive, but whether [Puller] in fact provided substantial assistance.  Accordingly, because [Puller] failed to raise this fact-dependent issue in the court below, [she] has waived it on appeal, and plain error review does not apply."  Id. at 1556.  We therefore decline to consider Puller's argument.

### B.  Puller's Sentence

Puller's counsel asserts that there is no non-frivolous ground on which Puller may challenge either the procedural or substantive reasonableness of her sentence.  Having engaged in a full examination of the record, as required by Anders, we agree.  The district court properly calculated Puller's guideline range

sentence and considered Puller's request for a downward departure, together with the § 3553(a) sentencing factors, and the uncontested facts in the presentence report. Thereafter, the district court sentenced Puller within the advisory guideline range, a sentence that is entitled to a presumption of reasonableness. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Based on our review of the record, we find no basis on which this presumption may be overcome.

In her supplemental brief, however, Puller contends that § 2B1.1 provides for a base offense level of 4 and therefore that the district court erred in determining that her base offense level was 7. We disagree. Section 2B1.1(a)(1) specifically provides that a defendant's base offense level shall be "7, if (A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more...."[1] In all other circumstances, the base offense level is provided for under § 2B1.1(a)(2), which indicates that a defendant's offense level shall otherwise be 6. It is not clear on what basis Puller believes her base offense level should be 4. As such, we reject her argument.

## C. Motion to Suppress

In her supplemental brief, Puller contends that the district court erred in denying her motion to suppress. Unfortunately for Puller, she entered an

---

[1] Each of these circumstances is present in this case.

unconditional guilty plea, which "results in the waiver of all nonjurisdictional defenses." United States v. Robertson, 45 F.3d 1423, 1434 (10th Cir. 1995). And because there is no indication in the record that Puller's guilty plea was either unknowing or involuntary, Puller's argument regarding her motion to suppress cannot form the basis of an appeal.

## D. Motion for Resentencing

As a final matter, Puller attached to her supplemental brief a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion was purported to have been filed in the "United States District Court for the Tenth Circuit District of Colorado." Assuming that Puller in fact intended to file the motion with this court, we dismiss it without prejudice. This court does not have authority to resentence defendants; Puller's motion must be filed with the United States District Court for the District of Colorado.

## III. CONCLUSION

Based on the foregoing, we GRANT counsel's motion to withdraw and DISMISS this appeal. Puller's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is dismissed without prejudice.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 7 -