**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

DEMARQUES M. MORRIS,

  Defendant - Appellant.

No. 01-3308
(D.C. No. 99-CR-10086-3-MLB)
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **ANDERSON,** and **BALDOCK,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Following a jury trial, defendant was convicted of two violations of the

Hobbs Act for robbing two stores, and five violations of 18 U.S.C. § 924(c) for

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

either using, brandishing, or discharging a firearm during a crime of violence. Defendant was sentenced to a total of forty years and ten months of imprisonment. He appealed on four grounds. We rejected all but defendant's argument that the five § 924(c) convictions violated the Double Jeopardy Clause because they were multiplicious. *See United States v. Morris*, 247 F.3d 1080 (10th Cir. 2001). We concluded that each of defendant's Hobbs Act convictions could serve as a predicate offense for only one § 924(c) violation. *Id.* at 1084. Accordingly, we remanded the action to the district court with directions to vacate the judgments of conviction and sentences on the five § 924(c) counts and to enter a judgment of conviction and sentence on "no more than one § 924(c) count per Hobbs Act conviction." *Id.* at 1090-91. We affirmed the district court's judgment in all other respects.

On remand, defendant's counsel argued that the district court had discretion to choose which two of the five § 924(c) counts to enter judgment on and that the court should exercise that discretion to enter judgment on the first two § 924(c) counts, which carried terms of only five and seven years, respectively. In his personal statements to the court, defendant argued that imposing a twenty-five year consecutive sentence for the second firearms offense under § 924(c)(1)(C) would violate the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment did not mention § 924(c)(1)(C). Defendant

further argued that the adjustments to his offense level set forth in the presentence investigation report also ran afoul of *Apprendi* because they depended on facts that were not specified in the indictment or found by the jury.

The district court rejected the arguments of both defendant's counsel and defendant himself, and entered judgment against defendant on Counts 1, 4, 6, and 8. The court imposed concurrent sentences of seventy months on Counts 1 and 6 (Hobbs Act violations), which were to run consecutively to a term of ten years on Count 4 (discharging a firearm during a crime of violence), which, in turn, was to run consecutively to a term of twenty-five years on Count 8 (brandishing a firearm during a crime of violence). Although brandishing a firearm ordinarily carries a minimum sentence of seven years, the minimum sentence was increased to twenty-five years under § 924(c)(1)(C)(i) because it was a second or subsequent § 924(c) conviction. Defendant now appeals.

Defendant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. In accordance with *Anders*, counsel has advised the court that, after conscientious examination, he believes the case to be wholly frivolous, and he has submitted a brief referring to anything in the record arguably supportive of the appeal. Defendant has been given an opportunity to raise any point he chooses, and has filed a statement raising several additional arguments. We have thoroughly examined all the

proceedings and conclude that the appeal is in fact frivolous. We therefore grant counsel's request to withdraw and dismiss the appeal.

In his *Anders* brief, counsel addresses the argument that imposing a consecutive twenty-five year sentence for Count 8 under § 924(c)(1)(C)(i) violates *Apprendi*. As counsel explains, this case does not implicate the Supreme Court's holding in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 490.

First, *Apprendi* was concerned only with facts that increase the statutory maximum penalty, and the relevant facts under § 924(c)(1)(C)(i) increase only the statutory minimum penalty. [1] Second, *Apprendi* expressly excludes "the fact of a prior conviction" from its general rule. 530 U.S. at 490. Here, the only fact that triggered the increased statutory minimum under § 924(c)(1)(C)(i) was defendant's prior conviction for a § 924(c) violation. This fact did not need to be alleged in the indictment, submitted to the jury, or proved beyond a reasonable

---

[1] We are aware that the Supreme Court currently has under review a case that presents the question whether a fact that increases the statutory minimum must also be alleged in the indictment and proved beyond a reasonable doubt. *See Harris v. United States*, 122 S. Ct. 663 (2001) (acceptance of certiorari). Even if the Court were to hold that the rule in *Apprendi* does extend to statutory minimums, however, defendant's argument would still fail on the other grounds.

doubt. *Apprendi*, 530 U.S. at 490; *see also United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000) (holding that indictment that does not contain separate charge for prior conviction of aggravated felony does not run afoul of *Apprendi*). Finally, because both of defendant's § 924(c) convictions arose out of the same criminal proceeding, the jury here did find both the first and the second § 924(c) convictions beyond a reasonable doubt. [2]

In his pro se statement, defendant argues that three incremental increases of his offense level for the Hobbs Act violations, which resulted in a total increase of seven points, also violated *Apprendi* because they depended on facts that were not alleged in the indictment or proved beyond a reasonable doubt. Although these adjustments may have affected the sentence defendant received under the Sentencing Guidelines, they did not affect the statutory maximum sentence defendant received and, therefore, they do not implicate *Apprendi*. The statutory maximum sentence for a Hobbs Act violation is twenty years. *See* 18 U.S.C. § 1951(a). Defendant received two concurrent sentences of seventy months, or five years and ten months, on his Hobbs Act convictions. These are well below the statutory maximum.

---

[2]    Any challenge defendant might raise to the application of § 924(c)(1)(C)(ii) to a second § 924(c) count that arises out of the same criminal proceeding as the first § 924(c) count is foreclosed by the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129, 132-34 (1993).

Defendant also argues that his trial counsel provided ineffective assistance of counsel because defendant was not properly advised that his second and each subsequent § 924(c) violation would trigger a statutory minimum sentence of twenty-five years. Defendant contends that if he had been properly advised of the sentencing scheme, he would have accepted a plea agreement offered by the government for nineteen years. Absent certain limited circumstances not present here, "[t]he rule in this circuit . . . is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255." *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc). Ineffective assistance claims that are brought on direct appeal are "presumptively dismissible." *Id.* at 1240. Therefore, we will not consider defendant's claim of ineffective assistance at this time.

The final issue, raised by both defendant and his counsel, is that Agent Nevill provided false testimony to the grand jury about what information he received from third parties about defendant's involvement in the robberies. Defendant contends that the testimony Agent Nevill gave at a pretrial hearing shows that his earlier testimony before the grand jury was false. This issue was not raised in the first appeal, it was not raised before the district court on remand, and it is clearly outside the scope of our mandate. Accordingly, we will not consider it on appeal. *See generally United States v. Duncan*, 242 F.3d 940, 950

(10th Cir.) (discussing "general rule" that this court will "not consider an issue not presented, considered, and decided by the district court"), *cert. denied*, 122 S. Ct. 134 (2001); *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) (discussing mandate rule and limited circumstances under which departure from scope of mandate is permissible).

Based upon our careful review, we conclude that this appeal does not raise any non-frivolous issues for review. Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge