**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEMARQUES M. MORRIS,

Defendant-Appellant.

No. 03-3360
(D.C. Nos. 03-CV-3336-MLB
& 99-CR-10086-03-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **KANE**,[**] Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Defendant DeMarques M. Morris appeals from an order of the district court denying his motion for habeas relief filed pursuant to 28 U.S.C. § 2255. We granted Mr. Morris a certificate of appealability on the issue of whether he received ineffective assistance of counsel due to counsel's alleged failure to inform him of the advantages and disadvantages of a proposed plea agreement. See id. § 2253(c)(1)(B). We affirm the district court's judgment as to this issue and deny a certificate of appealability as to Mr. Morris's remaining issues.

After rejecting a plea agreement offered by the government, Mr. Morris was convicted by a jury of two Hobbs Acts violations and five violations of 18 U.S.C. § 924(c). On appeal, this court affirmed, except for the five § 924(c) convictions which we held were multiplicious as each Hobbs Act conviction could serve as a predicate offense for only one § 924(c) violation. See United States v. Morris, 247 F.3d 1080, 1084 (10th Cir. 2001). We remanded the action to the district court with directions to enter a conviction and sentence on "no more than one § 924(c) count per Hobbs Act conviction." Id. at 1090-91.

On remand, the court imposed concurrent sentences of seventy months on the Hobbs Act violations, to run consecutively to a ten-year sentence on the conviction for discharging a firearm during a crime of violence, which, in turn, was to run consecutively to a twenty-five year sentence on the conviction of brandishing a firearm during a crime of violence. This last sentence was

increased because it was a second or subsequent § 924(c) conviction. We dismissed Mr. Morris's appeal from resentencing on the grounds that he had not raised any non-frivolous issues for appeal. United States v. Morris, 41 Fed. Appx. 259, 261-62 (10th Cir. May 15, 2002).

Mr. Morris, proceeding pro se, then filed this motion seeking habeas relief. In his motion, he alleged that counsel was ineffective because counsel had failed to advise him of the advantages and disadvantages of the plea agreement offered by the government, failed to investigate the facts, and failed to impeach the government's key witness during the motion to suppress. He also contended that perjured testimony was presented to the grand jury, that his sentencing violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the prosecution knowingly presented false testimony during the suppression hearing.

The district court denied relief. Mr. Morris appeals rearguing his original contentions. He also argues that there was no probable cause to support his arrest and the prosecutor was guilty of misconduct. As noted, we granted a certificate of appealability as to whether counsel was ineffective because he failed to properly advise Mr. Morris regarding the proposed plea agreement.

A district court may grant relief under § 2255 only if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been

such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (quotation omitted). "A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo." Id. at 1197 (quotation omitted).

To prevail on an ineffective assistance of counsel claim in the plea context, the movant must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citing Strickland v. Washington, 466 U.S. 668 (1984)). This test also applies in cases such as here, where the defendant alleges that ineffective assistance caused him to reject a plea agreement and proceed to trial. See Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (requiring that movant show deficient performance and that, but for counsel's advice, there was a reasonable probability he would have pled guilty); United States v. Gordon, 156 F.3d 376, 379-80 (2d Cir. 1998) (per curiam) (recognizing ineffective assistance claim where counsel's misadvice regarding potential sentencing exposure caused defendant to reject plea negotiations).

-4-

> [I]n the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, . . . failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments.  Apart from merely being informed about the proffered agreement, . . . a defendant must be involved in the decision-making process regarding the agreement's ultimate acceptance or rejection.

United States v. Golden, 102 F.3d 936, 943 (7th Cir. 1996) (quotation omitted).

Mr. Morris does not, nor can he, argue that he was not informed of the proposed plea agreement.  Instead, Mr. Morris contends that counsel failed to discuss the merits of the proposed plea with him, which he states included a maximum sentence of nineteen years.  He concludes that his decision was not knowing and intelligent because he would not have gone to trial had he known the sentence range he faced if convicted by a jury.

A review of the proposed plea agreement belies Mr. Morris's contention. The proposed plea states that the government had "made no promises or representations . . . regarding what sentence might be imposed or which sentencing guideline level will be appropriate."  R. tab. 201, Attach. B at 2. Mr. Morris's subjective and self-serving statements are insufficient       to show a reasonable probability that, but for alleged counsel's errors, he would have pled guilty.

For the foregoing reasons, we AFFIRM the district court's denial of habeas relief on the issue on which we granted a certificate of appealability.  We DENY a certificate of appealability on Mr. Morris's remaining issues.       The mandate shall issue forthwith.

Entered for the Court

John L. Kane
Senior District Judge