UNITED STATES of America, Plaintiff

v.

**GOMEZ–MORALES, et al., Defendant(s).**

**Criminal No. 03–170(JAG).**

United States District Court, D. Puerto Rico.

Dec. 13, 2007.

Lynn M. Doble–Salicrup, United States Attorney's Office, San Juan, PR, for Plaintiff.

Francisco Rebollo–Casalduc, Ricardo Izurrieta–Ortega, Juan G. Nieves–Cassas, Nieves Cassas Law Office, Fernando J. Carlo–Gorbea, Eric M. Quetglas–Jordan, Edwin E. León–León Loíza Law Office San Juan, PR, Alexander Zeno, Washington DC, for Defendants.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court are two letter motions filed by Defendant Elizabeth Perez–Vega ("Defendant"). Both pro se motions request a modification of the sentence imposed by this Court. (Docket Nos. 221, 224). For the reasons set forth below, the Court **DENIES** Defendant's Motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2004, Defendant was sentenced to serve an imprisonment term of 60 months. Defendant has sent two letter motions to the undersigned requesting that this Court modify the sentence imposed. Said letter is construed as a pro se motion.

Pursuant to 18 U.S.C. § 3582(c) Defendant seeks that this Court impose a term of probation or supervised release. Defendant states that her family is suffering dramatically due to her incarceration and that this is an extraordinary and compelling reason that warrants her request. (Docket No. 224).

## STANDARD OF REVIEW

The statute which regulates the modification of a sentence is 18 U.S.C. § 3582. Section 3582(c) provides that a District Court may not modify a term of imprisonment once it has been imposed except in three circumstances: (1) upon motion of the Director of the Bureau of Prisons if the Court finds that extraordinary and compelling reasons warrant such a reduction or if the defendant is at least 70 years of age; (2) if a modification is expressly permitted by statute or Rule 35; or (3) if the defendant has been sentenced based on a range that has been subsequently lowered by the Sentencing Commission.

It is well settled law that a Court cannot grant a prisoner's compassionate relief request and order his release from prison pursuant section 3582(c)(1)(A) if the Director of Bureau of Prisons does not move for a reduction in the prisoner's sentence and files the corresponding motion. See *United States v. Hudson,* 44 Fed.Appx. 457, 458 (10th Cir.2002); *Morales v. United States,* 353 F.Supp.2d 204 (D.Mass. 2005) (The Court could not grant prisoner compassionate relief and order his release from prison under compassionate relief exception that was set forth in 18 U.S.C. § 3582(c)(1)(A) on ground that he suffered from variety of terminal illnesses and needed heart transplant because Director of Bureau of Prisons had not moved for reduction in prisoner's sentence.); *United States v. Tyler,* 417 F.Supp.2d 80 (D.Me. 2006)(The Court held that Defendant had not established grounds for modification of her sentence under 18 U.S.C. § 3582(c)(1)(A), in part, because the Director of Bureau of Prisons had not filed the corresponding motion.)

## DISCUSSION

As just mentioned, Subsection (c)(1)(A) requires a motion from the Director of the Bureau of Prisons. To this day there has been no motion on Defendant's behalf filed by the Director. As such, this Court cannot grant Defendant's modification request. See *Hudson,* 44 Fed.Appx. at 458 (In this case, Defendant moved the Court to modify his sentence based upon extraordinary family circumstances. However, the Court rejected Defendant's argument because the Director of the Bureau of Prisons had not filed a motion requesting a reduction of his sentence.).

Defendant should also take into consideration that another Court has considered

arguments similar to her main allegation: that his sentence should be modified because his family is suffering dramatically due to his incarceration. The United States District Court for the District of Minnesota has held that said assertion is not an extraordinary and compelling reason as required by Subsection (c)(1)(A). The Court specifically stated that the suffering of the family members of an incarcerated Defendant is not a sufficient and compelling reason that warrants the reduction of a sentence. *See Coryea v. United States,* 2006 WL 3359645, 2006 U.S. Dist. LEXIS 76058, 98 A.T.F.R.2d (RIA) 7461 (D.Minn.2006).

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Section 3582(c)(1)(A) pro se Motions. (Docket Nos. 221, 224).

IT IS SO ORDERED.