**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARCIAL MENDEZ,

Defendant-Appellant.

No. 07-2157

(D. of N.M.)

(D.C. No. CR-06-491-JC)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

In February 2006, Marcial Mendez entered the United States at a Department of Transportation Port of Entry in Gallup, New Mexico. The tractor trailer he was riding in was selected for inspection by New Mexico Motor Transportation Division officers. The officers discovered 447 pounds (163.6 kilograms) of cocaine in the trailer.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mendez pleaded guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 831(a)(1) and § 841(b)(1)(A). The district court sentenced him to a term of imprisonment of 135 months followed by a supervised release term of 5 years.

After Mendez filed a timely notice of appeal, his counsel submitted an *Anders*[1] brief, and moved to withdraw his representation. Mendez did not file any materials on his own behalf. Because we agree that Mendez has no meritorious claims on appeal, we GRANT counsel's request to withdraw and AFFIRM Mendez's sentence.

**I.**

We review a federal criminal sentence for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see United States v. Smart*, ___ F.3d ___, No. 06-6120, 2008 WL 570804, at *4 (10th Cir. Mar. 4, 2008) (noting that it is now "well settled that we review a district court's sentencing decisions solely for abuse of discretion"). Reasonableness "has both procedural and substantive components." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007); *see Gall*, 128 S. Ct. at 597 (noting that a reviewing court "must first ensure that the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

district court committed no significant procedural error" and then it should "consider the substantive reasonableness of the sentence").

A.

We first review Mendez's sentence for procedural reasonableness. The district court correctly calculated Mendez's sentence under the United States Sentencing Guidelines (USSG), except for an error that favored the defendant. The court properly decided the base offense level was 38 because the offense involved 150 kilograms or more of cocaine. USSG § 2D1.1(c)(1). The court, however, mistakenly adopted the Pre-Sentence Report's recommendation to subtract two levels based on § 2D1.1(b)(9)'s cooperation provision—a mistake that resulted in a lower guideline range for Mendez.[2]

The court also awarded Mendez a three-level reduction for accepting responsibility for the offense, USSG § 3E1.1(a)–(b), which resulted in a total offense level of 33. Mendez scored a criminal history category I because he had

___

[2] Under this section, if the defendant meets the criteria set forth in subdivisions one through five of § 5C1.2(a), then the defendant's level should be decreased by two. In order to qualify for this departure, the defendant must truthfully provide the government all information and evidence related to his crime. *See id.* § 5C1.2(a)(5). The court erroneously concluded that Mendez satisfied this requirement, despite Mendez's concession that he had not fully cooperated with the government. For example, during the sentencing hearing, Mendez told the judge "I ask forgiveness from the government and the U.S. Attorney for not having given them all of the information that they needed." R., Vol. IV at 8. Despite this incorrect application of the Guidelines, the government did not object at the sentencing hearing and does not challenge this finding on appeal.

no prior offenses. Based on an offense level of 33 and criminal history category I, the court properly concluded the advisory guideline imprisonment range was 135 to 168 months. It then sentenced Mendez to 135 months of imprisonment and 5 years of supervised release.

In the *Anders* brief, Mendez's counsel addressed three potential procedural errors regarding (1) the substantial assistance departure provision, (2) the minor role adjustment provision, and (3) other important Guideline factors.

### 1. Substantial Assistance Departure

At sentencing, Mendez argued the court should apply the substantial assistance departure provision. Under § 5K1.1, a court may only apply this provision if the government makes a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." *United States v. Vargas*, 925 F.2d 1260, 1267 (10th Cir. 1991). The government did not file such a motion. Some case law in our circuit also suggests a court may grant this departure if a prosecutor acted in bad faith in refusing to file the motion. *See United States v. Kovac*, 23 F. App'x 931, 937–38 (10th Cir. 2001) (describing conflicting case law on this issue). It is unnecessary to resolve this intra-circuit conflict in this case because nothing in the record indicates the prosecutors acted in bad faith. Therefore, the district court properly declined to grant Mendez a substantial assistance departure.

## 2. Minor Role Adjustment

Mendez also argued at sentencing that he qualified for a minor role adjustment under USSG § 3B1.2(b). Under this provision, the court should decrease the defendant's offense level by two "[i]f the defendant was a minor participant in any criminal activity." *Id.* A defendant's role in an offense is a finding of fact which we review for clear error. *United States v. James*, 157 F.3d 1218, 1219 (10th Cir. 1998). The defendant bears the burden to show by a preponderance of the evidence that he was a minor participant. *United States v. Santistevan*, 39 F.3d 250, 254 (10th Cir. 1994).

Mendez argued that he qualified for this departure because he was merely a transportation courier. Even if Mendez was simply a courier, however, this does not mean he automatically qualifies for a minor role adjustment. *See United States v. Martinez*, 512 F.3d 1268, 1276 (10th Cir. 2008).[3] The district court nonetheless concluded Mendez played a more substantial role in the drug operation than simply transporting the cocaine. As the sentencing judge explained, "I find the quantity of the cocaine with which the defendant was entrusted, the fact that the cocaine was found in his personal tractor-trailer, and

---

[3] "[W]e have consistently refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier. [D]rug couriers are an indispensable component of drug dealing networks. To debate whether couriers as a group are less culpable . . . [is] akin to the old argument over which leg of a three-legged stool is the most important leg." *United States v. Martinez*, 512 F.3d 1268, 1276 (10th Cir. 2008) (internal quotation marks and citations omitted).

his own rendition of events . . . clearly indicate the defendant was more than merely a courier." R., Vol. IV at 11. Because these findings of fact are reasonable inferences based on the evidence in the record, the court did not err in denying this departure.

### 3. Failure to Consider Other Factors

Finally, the *Anders* brief suggests Mendez's sentence could be unreasonable because the district court failed to account for his remorse and lack of criminal history, status as the primary breadwinner for his family, and favorable opinion in the community. Contrary to Mendez's assertions, the court did favorably account for his remorse and lack of criminal history. *See* R., Vol. II at 7–8, ¶¶ 26, 30.

With regards to his status as a breadwinner, the USSG explicitly states "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG § 5H1.6.[4] The district court did

---

[4] Familial responsibilities may be taken into account under the following circumstances:

(i) The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.

(ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for departure because such hardship or suffering is of a

(continued...)

not clearly err in refusing to grant Mendez a departure based on his breadwinner status; nothing in the record indicates the impact on Mendez's family will be substantially greater than the impact incarceration would impose on other similarly situated families. *Id.* cmt. 1(B)(ii.). Mendez did not convincingly explain why a small departure in the length of his sentence would effectively address the loss of family support. *Id.* cmt. 1(B)(iv.). The district court therefore properly applied the Guidelines in fashioning a sentence tailored to Mendez and his personal characteristics.

Finally, the district court did not err by denying Mendez's request to grant a departure based on the favorable community opinion of him. Such a decision is not procedural error because this factor is not listed in the USSG. Whether the decision constitutes substantive error will be addressed in the next part.

---

[4](...continued)
sort ordinarily incident to incarceration.

(iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

(iv) The departure effectively will address the loss of caretaking or financial support.

USSG § 5H1.6. cmt. 1(B).

**B.**

Post-*Booker*,[5] we review the length of a sentence for substantive reasonableness. *See United States v. Hamilton*, 510 F.3d 1209, 1217–18 (10th Cir. 2007) ("In evaluating the substantive reasonableness of a sentence, we ask whether the length of the sentence is reasonable considering the statutory factors delineated in 18 U.S.C. § 3553(a)."). "[W]e accord a properly calculated Guidelines sentence a presumption of substantive reasonableness." *United States v. Hernandez*, 509 F.3d 1290, 1298 (10th Cir. 2007); *see Gall*, 128 S. Ct. at 597 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

The district court has a wide range of discretion in striking a balance among the § 3553(a) factors. *See Smart*, 2008 WL 570804, at *7 ("We may not examine the weight a district court assigns to various § 3553(a) factors . . . as a legal conclusion to be reviewed de novo."). Nothing in the district court's analysis disturbs the presumption of reasonableness or suggests an abuse of discretion.

Mendez's counsel argued that the district court should grant a variance based on the community's positive opinion of Mendez. Such evidence is perhaps relevant for evaluating "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The record indicates the court considered this evidence,

---

[5] *United States v. Booker*, 543 U.S. 220 (2005).

but concluded it did not justify a variance.  Due to the broad discretion courts are granted to consider § 3553(a) factors, we cannot conclude that such a decision constitutes an abuse of discretion.

## II.

After a careful review of the record, we conclude Mendez has no meritorious claims on appeal.  We therefore GRANT counsel's request to withdraw and AFFIRM Mendez's sentence.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge