**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

E.V.,

      Defendant-Appellant.

No. 12-3090
(D.C. No. 2:10-CR-20100-CM-7)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Defendant E.V. agreed to plead guilty to a charge of conspiracy to distribute methamphetamine.  In return, the government promised to recommend a sentence reduction if E.V. offered substantial assistance in its investigation of the conspiracy and other related matters.  Ultimately, the government determined that E.V. had failed to cooperate fully and refused to recommend a sentence reduction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

E.V. now appeals his sentence, contending that the government breached its promise.

As a threshold matter, we grant E.V.'s unopposed motion to seal the briefs and the record in this appeal. E.V. has expressed a credible concern that his family may be subject to retribution otherwise.

To determine whether the government has breached a plea agreement, we first examine the nature of the government's promise, then evaluate it "in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *United States v. Brye*, 146 F.3d 1207, 1210 (10th Cir. 1998). In this case, E.V. agreed to "cooperate fully and truthfully" by supplying information (and testimony if needed) about "the offenses charged in the indictment and all related conduct," including identifying other individuals related to the conspiracy and assets subject to forfeiture. Plea Agreement ¶ 6, R. vol. 1 at 79. In return, the government's promise was expressly conditioned on its evaluation of the usefulness of E.V.'s information:

> The defendant acknowledges that substantial assistance has not yet been provided by the defendant . . . . *[T]he determination as to whether he has provided substantial assistance and whether a motion* pursuant to U.S.S.G. § 5K1.1 and/or Title 18, U.S.C. § 3553(e) *will be filed, are left entirely and exclusively within the discretion of the United States*. If a determination is made by the United States that the defendant has provided substantial assistance deserving such a downward departure, [the] United States will request that the Court consider reducing the sentence he would otherwise receive . . . .

Plea Agreement ¶ 7, R. vol. 1 at 80 (emphasis added).  E.V. could not reasonably have understood this language as promising anything other than a discretionary decision by the government.

To be sure, a defendant may challenge even a discretionary refusal to file a substantial assistance motion if the government's decision was "not rationally related to a legitimate government end." *United States v. Duncan*, 242 F.3d 940, 947 (10th Cir. 2001).  But E.V. admits, as he must, that the government has a legitimate interest in rewarding only "those defendants who fully cooperate and are genuinely forthcoming." *United States v. Dominguez Beltran*, 184 F. App'x 799, 803 (10th Cir. 2006) (unpublished).  And the government's stated reasons for its decision not to recommend a sentence reduction in this case are directly related to that interest.  The government says that E.V.'s account of the night of his arrest has changed several times and remains inconsistent with surveillance reports; that E.V. failed to provide information he had known for months; and that the information he did eventually provide was either false or incomplete.  Certainly, E.V. disagrees with the government's conclusions.  Certainly, he would prefer that the government consider other factors such as his participation in interviews with investigators or other actions that he contends were helpful.  But it is equally certain the government considered the factors that it agreed to consider — whether E.V. provided the assistance he promised (information and

testimony) and whether that assistance was substantial — and rationally tied its decision to those factors.

Separately but relatedly, some (but not all) of our sister circuits will provide relief to defendants who can show the government's refusal to file a substantial assistance motion under a discretionary plea agreement was the product of "bad faith." For our part, we have yet to decide the issue. *See United States v. Kovac*, 23 F. App'x 931, 937-38 (10th Cir. 2001) (unpublished) (discussing the inter-circuit and intra-circuit split and collecting cases); *United States v. Mendez*, 272 F. App'x 703, 705 (10th Cir. 2008) (unpublished) (acknowledging but declining to resolve the conflict). But even assuming — without deciding — the viability of a bad faith theory, E.V. has not demonstrated bad faith on the part of the government in this case. He stresses that *before* it made its plea offer the government knew his story contradicted its own surveillance reports. So, he reasons, at least this much can't form a good faith basis for refusing him a sentencing reduction. The difficulty is, the government encountered many new evasions and failures to respond truthfully from E.V. *after* the plea agreement. Neither has E.V. shown the sort of personal animosity by the prosecutor that might suggest bad faith. He notes that the district court did once caution the attorneys to check any personal differences at the courtroom door, but this isolated and prosaic comment was directed as much to defense counsel as the prosecutor and is, besides, hardly the stuff of which bad faith is made.

In an entirely different vein, E.V. argues the district court abused its discretion in refusing to continue its evidentiary hearing on the substantial-assistance issue to allow an additional witness to be presented. The district court did, however, accept a proffer of the testimony E.V. sought to introduce. From the proffer it is clear to us the missing testimony would not have advanced his cause in any material way. At best, it would have established merely that he attempted to assist the government in a manner not contemplated by the plea agreement.

E.V.'s unopposed motion to seal the briefs and record is granted, his motion to supplement the record is denied, and the judgment of the district court is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge