**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DIONICO BLANCO, JR., a/k/a
Junebug,

Defendant-Appellant.

No. 05-4087

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 1:03-CR-131-01-DKW)**

---

Scott Keith Wilson, Assistant Federal Public Defender (Steven B. Killpack,
Federal Public Defender, with him on the briefs) for Defendant-Appellant.

Diana Hagen, Assistant United States Attorney (Paul M. Warner, United States
Attorney and Stephen J. Sorenson, Acting United States Attorney for the District
of Utah, with her on the briefs) for Plaintiff-Appellee.

---

Before **HARTZ**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Section 3E1.1(b) of the United States Sentencing Guidelines confers on

prosecutors "'a power, not a duty,'" to recommend a one-level downward

departure for acceptance of responsibility when certain conditions are met.

*United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)).  One of those conditions is that a defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  U.S. Sentencing Guidelines Manual § 3E1.1(b) (2006).

In this case, the government expended resources to accommodate Dionico Blanco's request to have an independent lab reweigh the drug evidence against him.  Due to these costs, it refused to move for a § 3E1.1(b) downward departure after he pleaded guilty.  Mr. Blanco now argues that we should overturn this prosecutorial decision because it was "not rationally related to a legitimate government end."  *Moreno-Trevino*, 432 F.3d at 1186 (quotation marks omitted).  We hold that efficient resource allocation is a legitimate government end to which the prosecutor's decision not to file a § 3E1.1(b) motion was rationally related.  We therefore AFFIRM the judgment of the district court.

I.      **Background**

A.      **Facts**

On August 31, 2003, officers in the Ogden Metro Gang Unit observed Mr. Blanco urinating on a dumpster outside Teaser's Night Club in Ogden, Utah.  The officers approached him and asked for identification; after providing it, Mr.

-2-

Blanco quickly turned and ran from the officers. The officers chased Mr. Blanco and called for assistance.

Backup officers arrived to see Mr. Blanco run toward a restaurant and throw something onto the roof. Shortly thereafter, the officers arrested him. They then returned to the restaurant and found on the roof a plastic bag containing a green substance and a yellow rock substance. Subsequent testing identified the green substance as 1.9 grams of marijuana and the yellow rock substance as 6.1 grams of cocaine base.

Mr. Blanco was charged in a two-count indictment with possession of cocaine base and marijuana in violation of 21 U.S.C. § 844(a). He eventually pleaded guilty to Count I, possession of cocaine base, in exchange for the government's promise to recommend that the sentencing court decrease the offense level by two for acceptance of responsibility under USSG § 3E1.1(a).

Before Mr. Blanco pleaded guilty, however, his attorney moved to have the cocaine base reweighed at an independent testing facility. The government made the drugs available for reweighing as requested, but expended resources in doing so. As the prosecutor explained,

> the reweighing in itself required the government to draft an order, to make arrangements, we had to tie up an FBI agent for a number of hours taking the evidence out of the evidence room, transporting it to an independent lab, sitting and waiting and, of course, the result was 5.9 grams because approximately two-tenths [of a gram] had been taken out by the crime lab [for the first test] and that wasn't there anymore and now we have 5.9 grams.

R. Vol. II, at 6. Due to these costs, the government declined to move for an additional one-level acceptance of responsibility departure under § 3E1.1(b).

At sentencing, Mr. Blanco argued that the government violated his procedural due process rights by refusing to move for a § 3E1.1(b) departure simply because he wanted to reweigh the drug evidence against him. Mr. Blanco also argued that he was entitled to a § 3E1.1(b) departure because he timely informed the government that he intended to plead guilty after the drugs were reweighed.

The district court rejected Mr. Blanco's arguments. It ruled that "the government has [the] prerogative" not to file a § 3E1.1(b) motion, and it refused to reduce Mr. Blanco's sentence on that basis. *Id*. at 11–12. But the court did grant the recommended two-level departure under § 3E1.1(a), resulting in a guidelines range of 92 to 115 months. The court then exercised its *Booker* discretion and sentenced Mr. Blanco to seventy-seven months in prison—a sentence fifteen months shorter than the low end of the applicable Guidelines range and seven months shorter than what the low end of the Guidelines range would have been had the government moved for a § 3E1.1(b) departure.

Neither party appeals from the district court's exercise of *Booker* discretion. Mr. Blanco, however, appeals from the court's refusal to require the government to file a § 3E1.1(b) acceptance of responsibility motion or *sua sponte*

to depart downward one level after the government refused to make such a motion.

## B.    Intervening Tenth Circuit Authority

After the parties completed briefing in this case but before argument occurred, a panel of this Court seemingly answered the question presented here by holding in *Moreno-Trevino* "that prosecutors should be afforded the same discretion to file acceptance-of-responsibility motions under Section 3E1.1(b) as substantial-assistance motions under Section 5K1.1." 432 F.3d at 1185–86. *Moreno-Trevino* also held that "a court can review the government's refusal to file a Section 3E1.1(b) motion and grant a remedy if it finds the refusal was '(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end.'" *Id.* at 1186 (quoting *United States v. Duncan*, 242 F.3d 940, 947 (10th Cir. 2001)).  We asked the parties to file supplemental briefs and address how these holdings in *Moreno-Trevino* affect this case.

## II.    Discussion

The defendant argues that the prosecutor's refusal to file a § 3E1.1(b) motion was not rationally related to any legitimate government interest.  We disagree.

The prosecutor correctly conceded at sentencing that defendants charged with drug offenses "have the right to reweigh" any drug evidence against them. R. Vol. II, at 10; *see* Fed. R. Crim. P. 16(a)(1)(E).  But she also argued that

accommodating a defendant's request for an independent reweighing of drug evidence "takes up [governmental] time, resources, [and] energy of agents" to ensure that the evidentiary chain of custody remains unbroken. R. Vol. II, at 10. She explained that it was "a matter of policy" for her office not to move for § 3E1.1(b) departures if a defendant's guilty plea requires further expenditure of government resources (as is necessary when reweighing evidence). *Id.* at 7.

We see nothing impermissible about the government's reasoning in these circumstances. Ensuring efficient resource allocation is a legitimate government end and a stated purpose of § 3E1.1(b). And a prosecutor's decision not to make a § 3E1.1(b) motion on behalf of a defendant who requests independent reweighing, with its concomitant resource expenditure, is rationally related to that end.

Mr. Blanco also argues that the prosecutor's decision was "unconstitutional as an interference with discovery rights based in due process." Appellant's Supplemental Br. 7. Mr. Blanco misunderstands the scope of our review. We are limited to examining whether the prosecutor's decision was "animated by an unconstitutional *motive*." *Moreno-Trevino*, 432 F.3d at 1186 (quotation marks omitted) (emphasis added). In other words, was the refusal based on a factor such as the defendant's race, religion, or gender? *See Duncan*, 242 F.3d at 947 n.11; *United States v. Maldonado-Acosta*, 210 F.3d 1182, 1184 (10th Cir. 2000). Mr. Blanco admits that the prosecutor withheld the motion "because she felt that Mr.

Blanco's request to conduct an independent lab test was a waste of her time," Appellant's Supplemental Br. 5, not for any constitutionally impermissible reason. Therefore, his argument is beyond the scope of appellate review as defined by *Moreno-Trevino*.

Even if we could reach the issue, however, we would reject the argument. The Defendant is wrong to conceive the requirement of waiving his right to weigh evidence as an unconstitutional interference with that right. To be sure, a defendant has the right to engage in certain investigatory methods to test the government's case—just as he has the right to insist on going to trial before a jury, on putting the government to its proof beyond a reasonable doubt, on introducing evidence, and so forth. But when a defendant chooses to trade the exercise of such rights for a reduction in sentence, this does not mean the government has "interfered" with the right. Rather, it means that he has exercised the right in a particular way: namely, by exchanging it for valuable consideration. Were this not so, the practice of plea bargaining itself would be unconstitutional. In this case, Mr. Blanco enjoyed the right to insist on reweighing the drugs, and he could exercise that right in one of two ways: by reweighing the drugs or by waiving that right in exchange for a lower sentence. He took the former option. It is not unconstitutional to deny him the benefit of the choice he did not make.

The judgment of the district court is **AFFIRMED**.