**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010
Decided July 13, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2955

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 04-CR-285-027 |
| | |
| LANELL B. TAYLOR, | J.P. Stadtmueller, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Lanell Taylor entered into an agreement to plead guilty to conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to ten years' imprisonment, the mandatory minimum, *id.* § 841(b)(1)(A)(ii), (iii). After his sentencing, Taylor testified as a government witness at the jury trial of three codefendants, all of whom were convicted. When the government did not reciprocate by moving to reduce his sentence under Federal Rule of Criminal Procedure 35(b), Taylor filed his own motion, ostensibly under that rule. The government objected, and the district court denied relief. Taylor appeals that ruling, and although he is assisted by appointed counsel, his attorney moves to withdraw on the ground that the appeal is frivolous. Counsel has filed a supporting brief in the format required of a lawyer seeking to withdraw from a direct criminal appeal under *Anders v.*

*California*, 386 U.S. 738 (1967), but that step was unnecessary: this appeal arises from a postconviction proceeding, *see United States v. Richardson*, 558 F.3d 680 (7th Cir. 2009), and since there is no right to appointed counsel, neither was there call to comply with the *Anders* safeguards, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)*; DiAngelo v. Ill. Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989).  Nevertheless, we invited Taylor to respond to counsel's motion and identify any issues he wishes us to consider, *see* CIR. R. 51(b), and he has done so.

Taylor's allegations, which the government has never denied, are troubling.  He was one of 31 persons charged with engaging in a broad conspiracy to distribute powder and crack cocaine.  With the assistance of retained counsel, Taylor executed a plea agreement obligating him "to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings."  The government, in turn, promised to consider moving for a prison term below the minimum mandatory if Taylor provided substantial assistance.  In November 2005, the district court accepted Taylor's guilty plea, and in January 2006, he was sentenced.

Six months later, the government sought Taylor's testimony at the consolidated jury trial of his only three codefendants who did not plead guilty.  Taylor's attorney made arrangements with government counsel to attend a pretrial interview scheduled for July 12, 2006, but when Taylor's attorney arrived for the interview, he learned that the government had met with Taylor the day before.  During the interview Taylor had said he wanted his attorney to be present, but the prosecutors replied that his lawyer's presence was unnecessary and pressed on with the interview.  Taylor then testified at his codefendants' one-day trial on July 26.  All three were found guilty.  In early 2007, two of them received 30-year prison sentences, and in May 2007, the third codefendant, Jarvis King, was sentenced to life.

As far as this record shows, Taylor's assistance to the government ended with his testimony in July 2006, but he received nothing from the government for his cooperation. Finally in October 2008, through counsel, Taylor filed what he characterized as a motion under Rule 35(b) for reduction of sentence.  He argued that he substantially assisted the government and that the government's refusal to file a Rule 35(b) motion constituted a breach of the plea agreement.  The government responded that Taylor's trial testimony regarding codefendant King had not been entirely truthful.  According to the government, Taylor had said during his pretrial interview that King and others sold drugs out of a particular house and that Taylor knew "that the drug house was very busy."  At trial, however, Taylor conceded on cross-examination that he never actually saw King make a

drug sale at the house. The government characterized Taylor's trial testimony as inconsistent with what he said during the pretrial interview and thus asserted that he lied at trial and was not deserving of a reduced sentence. Taylor insisted, however, that the prosecutors had simply misunderstood his statements during the pretrial interview, and that if his lawyer had been in attendance, as both he and his lawyer and specifically requested, the misunderstanding would have been averted. The government has never responded to this contention, and the district court did not address the Sixth Amendment implication. Instead, without conducting an evidentiary hearing to determine whether Taylor's testimony did in fact contradict his statements in the pretrial interview, the district court accepted the government's characterization of events and denied Taylor's motion on the merits.

In his *Anders* brief counsel takes the position that this appeal is frivolous because, he says, our decision in *Richardson* clarified that the district court did not have subject-matter jurisdiction to decide his motion for a sentence reduction. In *Richardson* we held that 18 U.S.C. § 3582(c)(i) authorizes a district court to revisit a sentence under Rule 35(b) only as "expressly" permitted by that rule, which refers to government-filed motions only. 558 F.3d at 681. Although counsel is correct that the district court lacked jurisdiction under Rule 35(b) to consider Taylor's motion, the court nevertheless had subject-matter jurisdiction under 28 U.S.C. § 2255 because the motion, no matter the label, constituted a collateral attack on his sentence. That was our conclusion in *Richardson*, 558 F.3d at 681-82, since "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255," *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000).

Still, we agree with counsel that Taylor cannot benefit from pressing forward with this appeal because his motion, once understood to be grounded in § 2255, was plainly time-barred. Section 2255(a) authorizes a motion by a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A defendant must file a § 2255 motion within one year from the date on which the challenged judgment became final. *Id.* § 2255(f)(1); *United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. June 9, 2010).

In this situation, where Taylor claims that the government breached his plea agreement by refusing to file a Rule 35(b) motion, the commencement of the one-year time limit to challenge the breach under § 2255 must turn on when the government's action became "final." Under Rule 35(b) a district court may reduce a sentence after it has been imposed only if the government files a motion within one year of the defendant's

sentencing.   FED. R. CRIM. P. 35(b)(1); *United States v. Wilson*, 390 F.3d 1003, 1006 (7th Cir. 2004).  The government may file a Rule 35(b) motion more than a year after sentencing if the defendant's assistance could not have been provided or used by the government earlier, FED. R. CRIM. P. 35(b)(2); *United States v. Shelby*, 584 F.3d 743, 744 (7th Cir. 2009), but that exception does not apply here.

Taylor was sentenced on January 18, 2006, and, as we have noted, his assistance to the government was complete six months later when he testified at the July 2006 trial of his codefendants.  The government, therefore, had until January 2007 to file a motion under Rule 35(b), and when it did not act within that time frame, Taylor's sentence was final because the district court was not otherwise permitted by statute to reduce his mandatory-minimum sentence.  *See* 18 U.S.C. § 3582(c); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).  If there was a breach of the plea agreement, that breach was complete and irreversible when the government's one-year deadline to file a Rule 35(b) motion expired.  At that point Taylor was aggrieved and knew it, and he had until January 2008, one year later, to file a § 2255 motion claiming a breach of the plea agreement.  Yet he did not file his mislabeled § 2255 motion until October 2008, long past the deadline.

In his Rule 51(b) response Taylor repeats the argument he made in the district court: The government refused to file a Rule 35(b) motion, and thus breached the plea agreement, as a consequence of denying him access to counsel during the pretrial interview.  Indeed, this might have been a forceful argument if made in a timely § 2255 motion, a question we do not decide.  *Compare United States v. Ming He*, 94 F.3d 782, 790 (2d Cir. 1996) (exercising supervisory power to require that government permit defense counsel to attend interviews of cooperating defendants, in part because "a defense attorney might help resolve potential disagreements between the government and the defendant and assist the defendant in clarifying his answers to ensure they are complete and accurate"), *with Laird v. United States*, 987 F.2d 527, 530 (8th Cir. 1993) (declining to extend right to counsel to post-trial debriefings); *see also Greenup v. United States*, 401 F.3d 758, 767 (6th Cir. 2005) (declining to decide whether defendant has a right to counsel at debriefing with government agents during attempted cooperation).

In the excerpts we have available, it is difficult to see any clear discrepancy between Taylor's pretrial interview and his trial testimony; the government's summary of the interview recounts Taylor saying that codefendant King and others "were selling crack out of" a particular drug house, but the excerpt we are given does not explain the basis of Taylor's knowledge.  At trial he said that he did not *see* King make any drug sales, but what he saw and what he knew would not necessarily be coextensive.  Trial testimony of course is limited by hearsay rules, but an interview outside the courtroom may delve into a

defendant's broader knowledge informed by hearsay rather than personal observation. Taylor asserts that having counsel present would have helped avoid misunderstandings about the questions asked and the answers given, and in *Ming He* the Second Circuit was persuaded by the argument. Still, Taylor's claim, whether sound or not, was presented long after the one-year limitations period for a § 2255 motion had expired. The district court was correct in denying the motion, then, but should have done so on the ground that the motion was untimely. *See Godoski v. United States*, 304 F.3d 761, 764 (7th Cir. 2002); *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999). And on that basis we affirm the judgment.

We note that before a defendant's mislabeled § 2255 motion can trigger the restrictions against filing second or successive collateral attacks under 28 U.S.C. § 2244(b), the district court must inform the defendant of its intent to recharacterize his motion as a collateral attack, warn him of the § 2244(b) restrictions, and give him the opportunity to refile a § 2255 motion raising all issues for collateral attack. *Castro v. United States*, 540 U.S. 375, 377 (2003); *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001). The district court did not follow this procedure before reaching the merits of Taylor's motion; thus, if in the future Taylor should develop a basis for filing a § 2255 motion, he will not be subject to the § 2244(b) restrictions.

Counsel's motion to withdraw is GRANTED, and the judgment of the district court is AFFIRMED.

―――――