NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 15, 2011
Decided July 22, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 10-3502 & 10-3697

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| AMEN E. JUMAH, *Defendant-Appellant.* | No. 04 CR 237 John W. Darrah, *Judge*. |

**O R D E R**

These consolidated appeals by Amen Jumah arise from a remand for resentencing and a postjudgment motion ostensibly authorized by Federal Rule of Criminal Procedure 35. Jumah makes no argument about his resentencing, so we dismiss his first appeal for failure to prosecute. Jumah's sole argument in the second appeal concerns the denial of his postjudgment motion. That motion, although labeled as one under Rule 35, actually constituted a collateral attack under 28 U.S.C. § 2255. Jumah needs, but has not obtained, a certificate of appealability to challenge the denial of that motion. We construe his notice of appeal as a request for one, and deny it.

Jumah is a permanent resident of the United States and worked as a paid informant for more than a decade until the DEA "deactivated" him in 2002. Both of these appeals stem from a single case with a long procedural history. In 2004, in a reverse sting, DEA agents arrested Jumah after he sold pseudoephedrine, a precursor to methamphetamine, to an informant. A jury found him guilty of possessing a "listed chemical" with knowledge or reasonable cause to believe that it would be used to make a controlled substance, 21 U.S.C. § 841(c)(2). But the district court granted Jumah's motion for a new trial, and the government appealed. We reinstated the jury's verdict and remanded for sentencing. *United States v. Jumah*, 493 F.3d 868 (7th Cir. 2007). An error in calculating the drug quantity then prompted a second remand for resentencing. *United States v. Jumah*, 599 F.3d 799 (7th Cir. 2010).

At his resentencing on October 13, 2010, Jumah argued (as he had done at the initial sentencing hearing) that he should receive a reduced prison term to compensate for his work as an informant over the years. But Jumah did not assert that he had negotiated a cooperation agreement with prosecutors, and in fact his lawyer told the district court that after sentencing he would be discussing with the prosecutor the prospect of a postjudgment Rule 35 motion. The district court, after taking into account Jumah's "service to the government as a confidential informant," imposed a sentence of 97 months, the low end of Jumah's imprisonment range.

The judgment, dated October 19, was entered on the docket on October 20. Also on October 19, Jumah filed a pro se motion entitled "Defendant Motion for Rule 35(a)(b)." That submission largely concerns Jumah's continuing disgruntlement with the drug quantity as found by the sentencing court but also requests an *in camera* hearing to address a purported "agreement" with the government. The nature of that agreement is not disclosed in Jumah's motion, but presumably it relates to cooperation. Afterward, on October 27, Jumah filed his first notice of appeal, docketed as case No. 10-3502, to challenge his sentence. The following month, the district court denied Jumah's pro se motion, reasoning that "the Government has not made any motion pursuant to Rule 35(b) that would warrant any hearing as to any purported agreement with the Government." Jumah then filed a notice of appeal from this decision, which we docketed as case No. 10-3697. The same lawyer represents Jumah in both appeals.

We note at the outset that Jumah has not included in his appellate brief any argument about the resentencing. Accordingly, we dismiss appeal No. 10-3502 for failure to prosecute. *See United States ex rel. Verdone v. Circuit Court*, 73 F.3d 669, 673 (7th Cir. 1995).

As for appeal No. 10-3697, Jumah argues that his postjudgment motion should not have been erroneously denied without an evidentiary hearing; according to Jumah, the district court could have probed the government's "refusal" to file a postsentence motion

under Rule 35(b) in order to ensure that the government had not acted irrationally, in bad faith, or with an unconstitutional motive. But in his appellate brief, Jumah no longer asserts that he and the government had reached an "agreement" which contemplated a Rule 35 motion. Nor does counsel for Jumah even suggest a reason to believe that the government had acted improperly by not filing a Rule 35 motion, but still he argues that we should remand for a fishing expedition on that question.

In response the government first argues, relying principally on *United States v. Richardson*, 558 F.3d 680 (7th Cir. 2009), that Jumah's pro se motion was filed after sentencing and thus, despite its label, constituted a collateral attack on his sentence under 28 U.S.C. § 2255. The government also argues, again drawing mostly from *Richardson* as well as from *Wade v. United States*, 504 U.S. 181 (1992), that Jumah did not make the type of constitutional showing—indeed, any showing—that would have allowed the district court to question why the government had not filed a Rule 35 motion. The government is correct on both points.

A district court's jurisdiction to alter a sentence on the defendant's motion is extremely limited. For a brief period after sentencing the court may entertain a motion to reconsider, *United States v. Healy*, 376 U.S. 75 (1964); *United States v. Rollins*, 607 F.3d 500, 502-04 (7th Cir. 2010). Otherwise the court is limited by 18 U.S.C. § 3582(c), which precludes modification of a prison term except on motion of the Bureau of Prisons, *id*. § 3582(c)(1)(A), or when a retroactive amendment to the guidelines would lower the defendant's imprisonment range, *id*. § 3582(c)(2), or when "expressly permitted by statute or by Rule 35," *id*. § 3582(c)(1)(B). *See United States v. Redd*, 630 F.3d 649, 650-51 (7th Cir. 2011); *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008). Jumah's pro se motion did not arise under any of these. It couldn't have been a request to reconsider a ruling germane to this appeal, since at sentencing defense counsel had never asserted that the government owed Jumah a break for substantial assistance. Nor was the pro se submission a Rule 35(a) motion seeking correction of a clear error, or a motion targeted to a retroactive amendment to the guidelines. And it was not a Rule 35(b) motion, which only the government may file. *Richardson*, 558 F.3d at 681.

What Jumah filed, as *Richardson* instructs, was a motion under § 2255. In *Richardson* (which Jumah's lawyer never cites) the defendant filed his own postjudgment "Rule 35(b)" motion after the government would not. 558 F.3d at 680-81. We upheld the dismissal of that motion for lack of subject-matter jurisdiction, reasoning that, since the government alone is authorized to file a Rule 35(b) motion, the defendant's submission—in effect a demand to compel the government to move under Rule 35(b)—necessarily rested on § 2255. *Id*. at 681. What the district court should have done in this case, as the sentencing judge did in *Richardson*, was dismiss Jumah's motion for lack of jurisdiction.

Since Jumah's motion constituted a collateral attack, his appeal cannot proceed without a certificate of appealability. 28 U.S.C. § 2253(c)(1). The district court did not issue a certificate of appealability, and Jumah has not expressly requested one, but his notice of appeal constitutes an implicit request. *See* FED. R. APP. P. 22(b)(2); *Williams v. United States*, 150 F.3d 639, 640 (7th Cir. 1998); *Williams v. Parke*, 133 F.3d 971, 975 (7th Cir. 1997). But a certificate of appealability cannot issue without a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Williams*, 150 F.3d at 641, which Jumah comes nowhere near.

Jumah was a paid informant who committed a crime after his work for the government had ended. The rule he invokes concerns postsentencing cooperation, not cooperation that already had been rewarded. FED. R. CRIM. P. 35(b)(1); *United States v. Shelby*, 584 F.3d 743, 745 (7th Cir. 2009); *Romandine v. United States*, 206 F.3d 731, 735 (7th Cir. 2000). Jumah does not assert that after sentencing he further assisted the government, nor does he say that prosecutors promised to consider rewarding renewed cooperation. So the premise of his pro se motion—that the government might have improperly withheld a benefit—is factually frivolous. Moreover, the government does not have to reciprocate when it accepts help from a criminal, *see Wade v. United States*, 504 U.S. 181, 185 (1992); *Shelby*, 584 F.3d at 745; *United States v. Deberry*, 576 F.3d 708, 710-11 (7th Cir. 2009); *Richardson*, 558 F.3d at 682, and thus even a defendant who has cooperated will not be entitled to an evidentiary hearing on a *Wade* claim without making a "substantial threshold showing" that prosecutors have refused to reward his assistance on account of an unconstitutional motive or a reason not rationally related to a legitimate government end, *Wade*, 504 U.S. at 185-86; *see Richardson*, 558 F.3d at 681-82; *United States v. Wilson*, 390 F.3d 1003, 1009-10 (7th Cir. 2004). Jumah makes no such claim.

Our denial of a certificate of appealability will not cause Jumah to face the usual bar to "second or successive" collateral proceedings. *See* 28 U.S.C. §§ 2244(b), 2255(h). The district court did not itself recharacterize Jumah's motion as falling under § 2255, and thus the court did not warn him of the risks and consequences of filing his motion, or offer an opportunity to refile and raise all issues cognizable on collateral attack at once. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001). Accordingly, Jumah's pro se motion does not count as a "first" collateral attack. *See Castro*, 540 U.S. at 383.

Appeal No. 10-3502 is DISMISSED, and a certificate of appealability in appeal No. 10-3697 is DENIED.