In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-2469

JENNIFER KIRK,

*Plaintiff-Appellant,*

*v.*

UNITED STATES DEPARTMENT OF JUSTICE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 15-CV-571-NJR-PMF — **Nancy J. Rosenstengel**, *Judge.*

ARGUED NOVEMBER 16, 2016 — DECIDED DECEMBER 2, 2016

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Normally a district court may reduce a criminal sentence only within 14 days of its imposition. Fed. R. Crim. P. 35(a). But if a prisoner provides substantial assistance to prosecutors after being sentenced, a district court may reduce the sentence at any time on the prosecutor's motion. Fed. R. Crim. P. 35(b). Jennifer Kirk enjoyed one such reduction; the district judge cut her sentence

(for mail and wire fraud) from 188 to 110 months. Kirk contends that she provided additional assistance after that reduction and is entitled to a further reward, but the United States Attorney has declined to file a second motion under Rule 35(b). Kirk then filed this suit under the Administrative Procedure Act, 5 U.S.C. §702, asking a district judge to set aside the prosecutor's decision not to file the motion that would permit the court to reduce her sentence further.

The district judge dismissed the complaint, giving two reasons. 2016 U.S. Dist. LEXIS 57323 (S.D. Ill. Apr. 29, 2016). First, the judge thought that whether to make a Rule 35(b) motion is committed to agency discretion by law, bringing Kirk's claim within the scope of the exclusion to APA review in 5 U.S.C. §701(a)(2). Second, the judge believed that the right way for a prisoner to obtain review of the prosecutor's decision is by a collateral attack under 28 U.S.C. §2255—and the APA forecloses actions when another adequate remedy is available. 5 U.S.C. §704.

These two reasons are incompatible. If §2255 supplies a means of review, then the decision is not committed to agency discretion by law; but if the decision is committed to agency discretion, then by definition review under §2255 is impermissible. We think that both parts of the district judge's reasoning are mistaken but that the judgment is nonetheless correct.

The Supreme Court held in *Wade v. United States*, 504 U.S. 181 (1992), that a prosecutor's decision not to file a motion under 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 is reviewable. We cannot see any reason why a motion under Rule 35(b) would be treated differently; the rule, §3553(e), and §5K1.1 all authorize lower sentences to reward a defendant's assis-

tance with other prosecutions. *Wade* stated that the permissible grounds of review are those that apply to all exercises of prosecutorial discretion—as a practical matter, race discrimination or other constitutional transgressions. 504 U.S. at 185–86. See also, e.g., *United States v. Armstrong*, 517 U.S. 456, 463 (1996); *United States v. Davis*, 793 F.3d 712, 719–23 (7th Cir. 2015) (en banc). Because the decision whether to file a Rule 35(b) motion is reviewable on those grounds, it has not been committed to agency discretion by law, and §701(a)(2) therefore does not foreclose review under the APA.

Next up: Does §2255 provide an adequate remedy and so block APA review under §704? The district court said yes, citing two decisions that evaluated the absence of Rule 35(b) motions during collateral attacks under §2255. *United States v. Obeid*, 707 F.3d 898 (7th Cir. 2013); *United States v. Richardson*, 558 F.3d 680 (7th Cir. 2009). Yet neither opinion holds that §2255 is the right approach as a general matter. In *Richardson* the court thought §2255 an appropriate vehicle because the defendant contended that the prosecutor had conditioned the filing of a future Rule 35(b) motion on the defendant's waiver of his right to appeal from the judgment of conviction. We saw that as drawing into question the validity of the conviction itself, and §2255 is designed to allow defendants to contest the validity of their convictions. In *Obeid*, too, the defendant argued that his sentence was unconstitutional, made disproportionate and excessive by the grant of a Rule 35(b) motion in a *different* case. We held that §2255 was not available to make that argument, however, because the defendant had not sought relief until the year allowed by §2255(f) had expired.

For most situations—of which Kirk's is a good example—§2255 does not provide an adequate way to contest the prosecutor's decision not to file a Rule 35(b) motion. *Obeid* illustrates the problem. According to §2255(f), motions must be filed within a year of the judgment's finality. Section 2255(f) has some exceptions, such as new and retroactive rules of law, but none applies when a prisoner contends that substantial assistance justifies a lower sentence. Yet Rule 35(b)(2) authorizes sentence reductions long after a year from the conviction's finality:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> > (A) information not known to the defendant until one year or more after sentencing;
> >
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
> >
> > (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

A motion under Rule 35(b)(2), more than a year after her sentencing, is exactly what Kirk wants the prosecutor to file. Section 2255(f) and *Obeid* show that §2255 does not afford her an adequate means of review.

Indeed, with rare exceptions of the sort illustrated by *Richardson*, §2255 does not address the propriety of withholding a motion under Rule 35(b). Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Kirk does not advance any of these grounds. She does not say that her sentence was imposed in violation of the Constitution or laws, that the district court lacked jurisdiction, that the sentence exceeds the lawful maximum, or that it is "otherwise subject to collateral attack". Her argument, rather, is that post-sentence developments entitle her to a reward for assistance. Just as post-sentence retroactive changes in the Sentencing Guidelines are implemented under 18 U.S.C. §3582(c)(2) rather than §2255, post-sentence assistance to the prosecutor passes outside the scope of §2255. As *United States v. Orozco*, 160 F.3d 1309, 1313 n.6 (11th Cir. 1998), observed, Rule 35(b) provides a means to reduce a legally imposed sentence; when the conviction is proper and the sentence lawful, §2255 is unavailable.

But it hardly follows that review under the APA is appropriate—review that, given the venue provisions in 28 U.S.C. §1391(e)(1), could occur in multiple districts, including the district where the prisoner is confined and the District of Columbia. No matter what we make of §2255 as an adequate remedy for the purpose of §704, it would be an unhappy development to split a criminal case into fragments and have issues such as Rule 35(b) motions litigated in districts that did not host the criminal prosecution.

Although §2255 usually is a poor way to proceed, Kirk could have filed an ordinary motion in the criminal case asking the judge to compel the prosecutor to file a Rule 35(b) motion. See *United States v. Wilson*, 390 F.3d 1003 (7th Cir. 2004) (using this procedure to contest the prosecutor's decision not to file a motion). Given Rule 35(a) the judge lacks authority to reduce Kirk's sentence *unless* the prosecutor files a motion, but *Wade* shows that the court has the power to compel the filing of such a motion if the criteria for review of prosecutorial discretion have been satisfied. Thus there cannot be any doubt about the district court's power to entertain a motion asking the judge for that relief. And because this kind of motion is a complete remedy for someone in Kirk's position, 5 U.S.C. §704 forecloses resort to the APA, just as the district court held.

Kirk's lawyer told us at oral argument that she does not maintain that the prosecutor has engaged in race or sex discrimination, or otherwise violated the Constitution. Her argument is simply that she furnished substantial assistance and is entitled to a reward. *Wade* shows that such an argument is inadequate. "[T]he Government [has] a power, not a duty, to file a motion when a defendant has substantially assisted." 504 U.S. at 185. But this proceeding is not the right forum for a decision on the merits. It is enough for now to say that the APA is not the right way to seek an order compelling the prosecutor to file a Rule 35(b) motion.

AFFIRMED